■ VALENTINO GRAZIANO et al., Respondents, v 118-17 LIBERTY AVENUE MANAGEMENT CORP. et al., Appellants-Respondents. 118-17 LIBERTY AVENUE MANAGEMENT CORP. et al., Third-Party Plaintiffs-Appellants-Respondents, v PANZERA IMPROVEMENT CORP., Third-Party Defendant-Respondent-Appellant. [619 NYS2d 102] —In an action to recover damages for personal injuries, etc., (1) the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Smith, J.), dated March 19, 1993, which (a) granted the plaintiffs' motion for partial summary judgment on the issue of liability, and (b) severed the third-party action from the main action, and (2) the third-party defendant appeals from an order of the same court, dated June 29, 1993, which granted the defendants third-party plaintiffs' motion for summary judgment on the issue of indemnification.

Ordered that the order dated March 19, 1993, is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which severed the third-party action from the main action; as so modified, the order dated March 19, 1993, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 29, 1993, is affirmed, without costs or disbursements.

On March 12, 1987, the injured plaintiff Valentino Graziano, an employee of the third-party defendant Panzera Improvement Corp., sustained injuries while working on the renovation of a building owned by the defendants 118-17 Liberty Avenue Management Corp., "John" Cinganelli, doing business as A & C Department Store, and Antoinetta Fashion Shops, Inc. Graziano was standing on wooden planks which had been placed across the supporting structure of a drop ceiling. The accident occurred when the supporting structure for the suspended ceiling gave way, causing Graziano to fall approximately 11-½ feet to the floor.

The Supreme Court properly granted the plaintiffs' motion for partial summary judgment on the issue of liability. Liability pursuant to Labor Law § 240 (1) turns on whether the safety equipment provided gave Graziano " 'proper

protection' " *(see, Bland v Manocherian,* 66 NY2d 452, 458; *Keane v Sin Hang Lee,* 188 AD2d 636). Here, insofar as the entire work platform and ceiling structure upon which it was mounted collapsed, the work platform did not provide Graziano with proper protection. Moreover, it is clear that the violation of the statute, i.e., the failure to provide safe equipment, was a substantial factor in bringing about Graziano's injuries *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555).

The Supreme Court was likewise correct in granting the defendants third-party plaintiffs' motion for summary judgment insofar as it sought indemnification from Graziano's employer, the third-party defendant Panzera Improvement Corp. It is well settled that a property owner or contractor who is liable vicariously under the Labor Law is entitled to common-law indemnification from the negligent party *(Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 6). In this case, the evidence demonstrated that it was Graziano's employer, the third-party defendant, which negligently exercised exclusive control over the manner in which Graziano attempted to perform his work and which directed him to utilize the suspended ceiling as his impromptu work platform.

Finally, we note that the interests of justice necessitate that the order dated March 19, 1993, be modified by deleting the provision thereof which severed the third-party action from the main action. This modification will enable the third-party defendant, which will be liable for indemnification to the first-party defendant, to participate in the damages phase of the first-party action. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.