■ THOMAS SHEEHAN, Respondent, v FORDHAM UNIVERSITY et al., Appellants and Third-Party Plaintiffs-Appellants. COSNER CONSTRUCTION CORP., Third-Party Defendant-Respondent. [687 NYS2d 22] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered January 25, 1999, which, *inter alia*, granted plaintiff's motion for partial summary judgment against defendants on the issue of liability on his claims under Labor Law § 240 (1) and § 241 (6), and denied defendants' cross motion for summary judgment against third-party defendant Cosner Construction Corp. (Cosner) insofar as it sought

contractual indemnification on behalf of both defendants, and insofar as it sought common-law indemnification on behalf of defendant Gotham Construction Corp. (Gotham), unanimously modified, on the law, to grant the motion of defendant and third-party plaintiff Fordham University (Fordham) for summary judgment insofar as it seeks contractual indemnification against Cosner, and otherwise affirmed, without costs.

Plaintiff's testimony, corroborated by a co-worker, established a prima facie case under Labor Law § 240 (1) and § 241 (6), notwithstanding the fact that the two workers may have differed over whether the construction debris that struck plaintiff fell from the fourth floor or second floor level of the elevator shaft in which plaintiff was working (*see, Gambino v Crow Constr. Co.*, 238 AD2d 190, 191). Material issues of fact do exist, however, concerning the extent to which Gotham, the general contractor, retained control over the worksite. Accordingly, Gotham's motion for summary judgment against Cosner, the subcontractor and plaintiff's employer, under theories of common-law and contractual indemnification, was properly denied (*see, Quinn v Tishman Constr. Corp.*, 249 AD2d 143). In this latter regard we note that the agreement between Gotham and Cosner impermissibly attempted to shift complete liability to Cosner, regardless of who or what caused the injury, thereby running afoul of General Obligations Law § 5-322.1 (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786). We modify only to grant the motion of Fordham for summary judgment upon its contractual indemnification claim against Cosner since it is undisputed that there was no actual negligence on Fordham's part (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179). Concur—Ellerin, P. J., Nardelli, Rubin and Saxe, JJ.