■ ANTHONY SCHIULAZ et al., Respondents, v ARNELL CONSTRUCTION CORP. et al., Appellants, and KILROY METAL PRODUCTS, INC., Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. LIBERTY CAULKING CO., INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [690 NYS2d 226] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about

September 16, 1998, which, *inter alia,* denied defendant Arnell Construction Corp.'s (Arnell) motion for summary judgment on its cross claims against defendant and third-party plaintiff Kilroy Metal Products, Inc. (Kilroy) for common-law and contractual indemnification, denied Kilroy's cross motion for summary judgment dismissing the complaint in its entirety or in the alternative for summary judgment on its third-party claims against third-party defendant Liberty Caulking Co., Inc. (Liberty) for common-law indemnification, and denied Liberty's cross motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) claims, unanimously modified, on the law, to grant Liberty's motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) claims, and otherwise affirmed, without costs.

The alleged violations of OSHA standards cited by plaintiffs do not provide a basis for liability under Labor Law § 241 (6) (*see, Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311, 313; *Williams v White Haven Mem. Park,* 227 AD2d 923, 924). Plaintiffs' attempt in their reply papers to raise for the first time violations of Industrial Code (12 NYCRR) § 23-5.1 (f) and § 23-1.2 (b) was improper (*see, Tchaika Renewal Co. v City of New York,* 232 AD2d 250, 251). In any event, neither section constitutes a concrete or specific standard of conduct sufficient to support a Labor Law § 241 (6) claim (*see, Moutray v Baron,* 244 AD2d 618, 619, *lv denied* 91 NY2d 808; *Gordineer v County of Orange,* 205 AD2d 584). Accordingly, plaintiffs' Labor Law § 241 (6) claim should be dismissed and we modify to that extent.

The appealed order should otherwise be affirmed. The fact that Kilroy, a subcontractor which in turn subcontracted certain work to Liberty, plaintiff's employer, did not supervise plaintiff's work is irrelevant since there was evidence to support plaintiff's claim that Kilroy had negligently installed the scaffolding upon which plaintiff was injured, and the motion court therefore properly declined to dismiss plaintiff's claims against Kilroy under Labor Law § 200, common-law negligence and breach of warranty (*see, Terranova v City of New York,* 197 AD2d 402). For the same reasons, Kilroy is not entitled, at this time, to common-law indemnity from Liberty (*see, Sheehan v Fordham Univ.,* 259 AD2d 328, 329). Similarly, there were triable issues concerning the degree of supervision and control over the site by Arnell, the general contractor, and thus its motion for summary judgment on its cross claims against Kilroy for common-law and contractual indemnity was properly denied (*see, supra*). Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.