■ THOMAS GRECO et al., Respondents, v ARCHDIOCESE OF NEW YORK et al., Appellants, et al., Defendants. (And a Third-Party Action.) [702 NYS2d 29] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 27, 1998, which, to the extent appealed and cross-appealed from, granted plaintiffs'

motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim as against defendants Archdiocese of New York and The Palace Company (Archdiocese and Palace or owners), denied the cross motion of defendant W.H. Peeples (Peeples) for summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims against it, denied Archdiocese's and Palace's cross motion for summary judgment dismissing plaintiffs' complaint as against them and for summary judgment on their cross claim against Peeples, unanimously modified, on the law, to grant Peeples's cross motion to the extent of dismissing plaintiff's Labor Law § 200 claim against it, and otherwise affirmed, without costs.

Plaintiff, an employee of the general contractor, was injured in a fall from a ladder on premises owned by Archdiocese and Palace. The evidence established that plaintiff fell when the step of the ladder on which he was standing broke. The subject ladder was owned by heating, ventilation, and air conditioning subcontractor Peeples. It is disputed whether Peeples had given plaintiff permission to use the ladder.

Plaintiff's proof, that he fell when the ladder step on which he stood collapsed, established a prima facie case of liability under Labor Law § 240 (1), and the motion court's partial grant of summary judgment as to liability on that claim was appropriate since the owners' evidence in opposition to the motion failed to raise a triable issue as to whether plaintiff, and not the defective ladder, was the cause of the accident.

While the court's denial of Peeples's cross motion for summary judgment was correct with respect to plaintiff's common-law negligence claim, the cross motion should have been granted to the extent of dismissing plaintiff's Labor Law § 200 claim. Issues of fact were raised with respect to the common-law negligence claim against Peeples, among them whether Peeples knew of the ladder's defective condition, whether Peeples was otherwise negligent in supplying defective equipment (*see, Schiulaz v Arnell Constr. Corp.*, 261 AD2d 247; *Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036; *cf., Santangelo v Fluor Constructors Intl.*, 266 AD2d 893). With respect to the Labor Law § 200 claim, however, plaintiff, in response to Peeples's prima facie showing of entitlement to judgment as a matter of law, failed to present proof sufficient to raise a triable issue as to whether Peeples was responsible for providing plaintiff with a safe workplace (*see, e.g., Dunham v Hilco Constr. Co.*, 89 NY2d 425).

The owners' motion for summary judgment on its contractual claims, including indemnification, as against Peeples was

properly denied. Triable issues of fact exist with respect to those claims including, *inter alia*, whether plaintiff's injury arose "out of or in connection with" the work Peeples had subcontracted to perform, i.e., within the ambit of Peeples's contractual liability as defined Peeples's subcontract. To the extent Archdiocese and Palace argue that, as owners, they are entitled to common-law indemnification from Peeples on the theory that Peeples's negligence was the precipitant of plaintiff's harm, issues of fact (*see, supra*) preclude summary relief (*see, D'Amico v Manufacturers Hanover Trust Co.*, 177 AD2d 441). We have considered the parties' remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Andrias, JJ.