OPINION OF THE COURT
Louis B. York, J.
The court recalls and supersedes its order of November 22, 2000 sua sponte, as follows:
This is an action in which plaintiff (a construction worker) seeks a damages award for injuries to him resulting from a fall in the course of his employment. While a variety of sections of the Labor Law and common-law negligence principles are involved in support of recovery for the plaintiff, of special moment is the claim against the third-party defendant employer that the “grave injury” standard of the Workers’ Compensation Law does not apply to a claim for contractual indemnity, an issue not previously addressed in the published decisions of this jurisdiction.
Steven Bender, Jr. (Bender) alleges that, on May 26, 1998, while he was employed by Regional Scaffolding and Hoisting Co. (Regional) at a Battery Park City construction site, he was dismantling scaffolding when he fell from a cross-bracing to a loading dock approximately 12 feet below.
In the instant motion, Bender seeks partial summary judgment on the issue of liability against Peter Scalamandre & Sons, Inc. (Scalamandre), the general contractor, and Lehrer McGovern Bovis, Inc. (Lehrer McGovern), the owner’s agent. The court notes that in the deposition of John Murphy, Lehrer McGovern was alleged to be the site construction manager. Scalamandre cross-moves for dismissal of Bender’s common-law negligence and Labor Law §§ 200 and 241 (6) causes of action, as well as for summary judgment as against Regional with respect to contractual indemnification. Regional cross-moves for summary judgment, dismissing the third-party complaint and all cross claims against it, under Workers’ Compensation Law § 11.
To obtain summary judgment, a movant must establish a cause of action sufficient to warrant a court’s directing judgment in its favor as a matter of law. (See, Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) “[I]t must clearly appear that no *397 material and triable issue of fact is presented” (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]), because summary judgment is a drastic remedy that should not be invoked where there is any doubt as to the existence of a triable issue, or when the issue is even arguable. (See, Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
Indemnification
To be considered first is third-party defendant and employer Regional’s cross motion to dismiss third-party plaintiff Scalamandre’s complaint against it for indemnification, and Scalamandre’s cross motion for summary judgment on its complaint for indemnification. Scalamandre bases its third-party claims upon a rider to a purchase order between Regional and Scalamandre, which states that “Regional shall not be responsible for any suits or claims except for personal injury or actual physical damage to property, caused by Regional.” Scalamandre maintains that since Regional had oversight and control over its employees, it is primarily responsible for the plaintiffs injuries.
Regional asserts that whether or not Scalamandre would succeed in obtaining summary judgment under other circumstances, its cross motion should be denied here, because indemnification of a third party by Bender’s employer is violative of Workers’ Compensation Law § ll.[1] Scalamandre argues that this provision applies only to common-law indemnity and not to the indemnity clause of the purchase order.
The provisions of the current Workers’ Compensation Law § 11 were revised in 1996. Prior to the revision, workers’ compensation was the exclusive remedy for an injured employee; however, an employer could be held liable to a third party who was sued by that employee. This exception to the exclusive remedy of workers’ compensation was created in Dole *398 v Dow Chem. Co. (30 NY2d 143 [1972]), and superseded by statute (see, Reich v Manhattan Boiler & Equip. Corp., 91 NY2d 772 [1998]).
“The purpose of the [1996] Workers’ Compensation Reform Act [was] to repeal the decision of the New York Court of Appeals in Dole v. Dow Chemical Co. * * * which allowed third-party actions against employers for contribution or indemnity from accidents occurring in the scope of an employee’s employment.” (Lagano v Chrysler Corp., 957 F Supp 36, 37 [ED NY 1997], affd 141 F3d 1151 [2d Cir 1998]; see also, L 1996, ch 635, § 1.)
Indemnification “arises out of a contract which may be express or may be implied in law.” (Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985].) Dole v Dow Chem. Co. (supra) concerns implied or common-law indemnification issues.
The Workers’ Compensation Reform Act (L 1996, ch 635) bans indemnification in third-party actions for all but the most extreme injuries. However, the Act itself makes no mention of whether a ban on claims for contractual indemnification is included. Nor has this court found any cases that have addressed this issue.
A review of the debates preceding the enactment of the Workers’ Compensation Reform Act revealed no discussion of the issue. However, hints of the legislators’ intentions can be found in a comment made to the Governor regarding the bill prior to its enactment, and in an Assemblyman’s note to constituents following the Act’s passage by both the Assembly and Senate.
Edward Muhl, the New York State Superintendent of Insurance, wrote to the Governor’s counsel that the amendments to the Workers’ Compensation Law “would protect employers and their employees from other than contract-based suits for contribution and indemnity by third parties (such as equipment manufacturers which have been deemed liable for causing employees injuries or deaths).” (See, Aug. 9, 1996 letter re: Assembly Bill 11331, at 1, Bill Jacket, L 1996, ch 635.) This same statement was in Assemblyman Michael Bragman’s review of the proposed Workers’ Compensation Reform Act sent to his constituents prior to executive action. Assemblyman Bragman was the chair of the Assembly Majority Task Force on Workers’ Compensation Reform.
Given that Dole v Dow Chem. Co. (supra) dealt with common-law indemnity, that the object of the Workers’ Compensation *399 Reform Act was to repeal the Dole v Dow Chem. Co. liability except in cases of grave injury, and that several documents indicate that it was the intent of the Legislature to exclude contract-based indemnification from the ban on third-party actions, this court holds that contractual indemnification clauses are not included in the ban on third-party actions. Therefore, Regional’s cross motion to dismiss Scalamandre’s third-party complaint will be denied.
Scalamandre’s cross motion for summary judgment against Regional, for contractual indemnification, must also be denied.
Whether Regional is liable under the fault provisions of the invoice depends on two questions that will have to be resolved at trial: (1) whether Regional’s negligence was a cause of plaintiffs injuries, if any, and (2) whether the vague words in the so-called “indemnity” clause absolving Regional of any responsibility for injuries were intended to require Scalamandre to indemnify Regional for any findings of damages or any liability other than fault.
Common-Law Negligence and Labor Law § 200 Claims
Bender seeks partial summary judgment against Scalamandre and Lehrer McGovern with respect to liability. The motion papers do not specify on what claims Bender seeks such relief; however, in his supplemental papers, Bender specifically consents to dismissal of his Labor Law § 200 claims but fails to address his common-law negligence claims. Scalamandre cross-moves for partial summary judgment dismissing Bender’s common-law negligence and Labor Law § 200 causes of action. Since plaintiff has already consented to dismissal of his Labor Law § 200 claim, that issue will not be discussed.
Common-law negligence, which is codified in Labor Law § 200, arises out of a breach of the duty to maintain a safe workplace. (See, Gasper v Ford Motor Co., 13 NY2d 104 [1963].) Under that duty, an owner or general contractor can be held liable for injuries caused as a result of a defective condition on the premises, if it can be shown that the owner or general contractor created the condition, or that it had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, the owner or general contractor should have corrected the problem. (See, Rizzuto v Wenger Contr. Co., 91 NY2d 343 [1998]; see also, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993]; Lombardi v Stout, 80 NY2d 290 [1992].)
*400 However, the owner or general contractor may only be charged with that duty if either has “the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition.” (Russin v Picciano & Son, 54 NY2d 311, 317 [1981].) Additionally, “[1]lability * * * will not attach when the dangerous condition complained of was open and obvious.” (Panetta v Paramount Communications, 255 AD2d 568 [2d Dept 1998].)
According to the EBT testimony of John Murphy, who was Scalamandre’s representative at the Battery Park City construction site at issue, his duties included making certain that there was netting on the outside of the building, “checking on” debris and material (as well as general housekeeping), making certain that the hoist was available, and protecting the private property of adjacent structures. The testimony is unclear as to the extent, if any, of Murphy’s or Scalamandre’s control over Bender’s work or workplace. Therefore, Bender’s motion for partial summary judgment on the issue of liability under common-law negligence principles must be denied. Additionally, because John Murphy’s testimony reveals that issues of fact regarding control of the workplace exist, Scalamandre is not entitled to dismissal of Bender’s common-law negligence claim. (Zuckerman v City of New York, 49 NY2d 557, supra.)
Labor Law § 240 (1)
Under Labor Law § 240 (1), owners and contractors who fail to provide or erect the safety devices necessary to give proper protection to a worker involved in the erection, demolition, repair, alteration, painting, cleaning or pointing of a building or structure are absolutely liable when that worker sustains injuries proximately caused by that failure. (See, Rocovich v Consolidated Edison Co., 78 NY2d 509 [1991].) An owner or contractor is liable even though a job was performed by an independent party over which the owner or contractor exercised no supervision or control. (See, Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993].) However, the extraordinary protections of Labor Law § 240 (1) apply only to a narrow class of dangers, i.e., where the hazards “are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured.” *401 (Rocovich v Consolidated Edison Co., supra, at 514; see also, Groves v Land’s End Hous. Co., 80 NY2d 978 [1992].)
The statute, which should be construed as liberally as possible for the accomplishment of the purpose of imposing absolute liability for a breach that proximately causes an injury (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487 [1995]), imposes liability on owners and contractors in such cases, except where a worker’s conduct is the sole proximate cause of an accident. (See, Weininger v Hagedorn & Co., 91 NY2d 958 [1998].)
Bender was involved in the disassembly of scaffolding at a construction site. He asserts that he was not supplied with a ladder to climb up onto the scaffolding to do his job, and that he and his co-workers had to climb the scaffold cross-bars to get to the scaffold deck.
Bender’s testimony clearly states that he fell from the crossbars while attempting to access the deck of the scaffolding. Scalamandre and Lehrer McGovern do not dispute Bender’s testimony that he fell while climbing the cross-bars. They do contend, however, that Bender is not entitled to partial summary judgment under Labor Law § 240 (1), because Bender’s accident was caused either (1) by a defect in the scaffolding or (2) solely by the negligence of Bender’s co-workers. Neither of these contentions are, however, sufficient to forestall this court’s granting of summary judgment under Labor Law § 240 (1). Bender should have been supplied with a ladder and it is that failure to provide the appropriate safety device that establishes these defendants’ liability.
The liability of owners and contractors attaches under the section unless a plaintiffs actions are the sole cause of his or her injuries. (See, Weininger v Hagedorn & Co., supra.) In the instant action, even if Bender had taken actions that contributed to his accident, summary judgment in his favor would still be appropriate, because contributory negligence is no defense to a Labor Law § 240 (1) claim. (See, Stolt v General Foods Corp., 81 NY2d 918 [1993].) Therefore, that portion of Bender’s motion that seeks partial summary judgment as to liability under Labor Law § 240 (1) is granted.
Labor Law § 241 (6)
Although Bender does not specifically seek partial summary judgment on the issue of liability under Labor Law § 241 *402 (6),[2] this court will address this issue, as well as Scalamandre’s cross motion to dismiss Bender’s Labor Law § 241 (6) claims.
Under Labor Law § 241 (6), owners and contractors must “ ‘provide reasonable and adequate protection and safety’ for workers and * * * comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor.” (Ross v Curtis-Palmer Hydro-Elec. Co., supra, 81 NY2d, at 501-502.) For Labor Law § 241 (6) to apply, claimants must cite specific violations of the Industrial Code regulations, and prove that such violations are applicable to the case. (See, Amato v State of New York, 241 AD2d 400 [1st Dept 1997], lv denied 91 NY2d 805 [1998].)
In his bill of particulars, Bender contends that the defendants in this action violated 12 NYCRR 23-1.5, 23-1.16, 23-1.17, 23-5.1, 23-5.3, 23-5.4, 23-5.5 and 23-5.6. He also maintains that the defendants violated unspecified provisions of the Occupational Safety and Health Administration (OSHA) rules.
Violations of OSHA standards, however, do not provide a basis for liability under Labor Law § 241 (6). (See, Schiulaz v Arnell Constr. Corp., 261 AD2d 247 [1st Dept 1999]; see also, Greenwood v Shearson, Lehman & Hutton, 238 AD2d 311 [2d Dept 1997].) Bender also maintains that he is entitled to summary judgment on his Labor Law § 241 (6) claims based upon 12 NYCRR 23-1.5. However, the First Department has recently held that this section, entitled “General responsibility of employers,” is insufficient as a predicate for Labor Law § 241 (6) liability. (See, Hawkins v City of New York, 275 AD2d 634 [1st Dept 2000].) Additionally, 12 NYCRR 23-5.1 has been held insufficiently concrete or specific to support a Labor Law § 241 (6) claim. (See, Schiulaz v Arnell Constr. Corp., supra.) Therefore, Bender may not predicate his Labor Law § 241 (6) claims on either 12 NYCRR 23-1.5 or 23-5.1.
Further, although 12 NYCRR 23-1.16 and 23-1.17 are both sufficiently specific to support a Labor Law § 241 (6) claim, Bender has not asserted that safety belts, harnesses, tail lines, lifelines, or life nets, listed in the regulation, were supplied at the Battery Park City construction site at issue. Therefore, they, too, cannot provide the basis for Bender’s Labor Law § 241 (6) claims (see, Avendano v Sazerac, Inc., 248 AD2d 340 [2d Dept 1998]).
*403 The bill of particulars additionally states that the defendants violated 12 NYCRR 23-5.4, 23-5.5 and 23-5.6. These provisions contain directives concerning three different types of scaffolding (i.e., tubular welded frame scaffolds, tube and coupler metal scaffolds and pole scaffolds), and each is sufficiently specific to support a Labor Law § 241 (6) claim. However, it is not clear which, if any, applies to Bender’s accident, and, therefore, the provisions are not available for Bender’s use to support his prayer for summary judgment.
Bender may, however, use 12 NYCRR 23-5.3 to support his claim under Labor Law § 241 (6). (See, Sopha v Combustion Eng’g, 261 AD2d 911 [4th Dept 1999].) 12 NYCRR 23-5.3, entitled “General provisions for metal scaffolds,” includes directives regarding access (12 NYCRR 23-5.3 [f]).[3] Bender’s unrefuted testimony demonstrates that, although as part of his employment, he was supposed to reach the steel beam scaffold deck that was 12 to 14 feet above the ground, he was not provided with a ladder, stairs or a ramp to obtain access to the deck. This was clearly a violation of 12 NYCRR 23-5.3 (f). Therefore, this court will grant summary judgment as to Labor Law § 241 (6) liability against Scalamandre and Lehrer McGovern based upon a violation of 12 NYCRR 23-5.3 (f).
Accordingly, it is hereby ordered that plaintiff’s motion is granted to the extent of granting partial summary judgment against Lehrer McGovern Bovis, Inc. and Scalamandre & Sons, Inc. on plaintiff’s Labor Law § 240 (1) and § 241 (6) causes of action, and is otherwise denied; and it is further ordered that plaintiffs Labor Law § 200 claim is dismissed on consent; and it is further ordered that Peter Scalamandre & Sons, Inc.’s cross motion to dismiss plaintiffs common-law negligence and Labor Law §§ 200 and 241 (6) causes of action, as well as for summary judgment as against Regional Scaffolding and Hoisting Co., on contractual indemnification grounds, is denied; and it is further ordered that Regional Scaffolding and Hoisting Co.’s cross motion to dismiss the third-party complaint is denied; and it is further ordered that the action shall continue as to the remaining claims of the parties.

. Workers’ Compensation Law § 11 provides: “[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a ‘grave injury’ which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.”

. This court notes that, despite Bender’s “admission” to the contrary, the First Department has affirmed an order granting summary judgment to a plaintiff on a Labor Law § 241 (6) claim. (See, Sheehan v Fordham Univ., 259 AD2d 328 [1st Dept 1999].)

. According to 12 NYCRR 23-5.3 (f), “[1]adders, stairs or ramps shall be provided for access to and egress from the platform levels of metal scaffolds which are located more than two feet above or below the ground, grade, floor or other equivalent level.”