■ Gary Keohane, Plaintiff, v Littlepark House Corp. et al., Defendants. DNA Construction Corp., Third-Party Plaintiff-Respondent, v Celtic Enterprises, Ltd., Third-Party Defendant-Appellant, and Spring Scaffolding, Inc., Third-Party Defendant-Respondent. [736 NYS2d 664] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about June 7, 2001, which, insofar as appealed from, granted third-party plaintiff DNA Construction Corp.'s cross motion for summary judgment as to liability on its third-party claim for contractual indemnification against third-party defendant Celtic Enterprises, Ltd., and granted third-party defendant Spring Scaffolding, Inc.'s cross motion for summary judgment to the extent of dismissing all claims against it, unanimously reversed, on the law, without costs, DNA Construction Corp.'s and Celtic Enterprises, Ltd.'s respective cross motions denied, and all claims against Spring Scaffolding reinstated.

Plaintiff, a laborer on a construction project, fell from a scaffold when the metal brace he grasped to support himself while descending broke free from the scaffold. Plaintiff commenced this action asserting claims under Labor Law § 240 (1), inter alia, against the owner, the general contractor on the project (DNA), and the subcontractor that erected the scaffold (Spring). DNA, in turn, commenced a third-party action against Celtic, the subcontractor that had employed plaintiff, and Spring. By the order appealed from, the IAS court, inter alia, granted DNA's cross motion for summary judgment as to liability on its third-party claim for contractual indemnification against Celtic. In addition, although Spring had cross-moved for summary judgment only on its cross and counterclaims against the owner and DNA, the IAS court granted Spring summary judgment dismissing all claims against it, including Celtic's cross claim against Spring for contribution or indemnification.

The IAS court erred in granting summary judgment to DNA on its third-party claim against Celtic for contractual indemnification. The agreement between DNA and Celtic requires Celtic to indemnify DNA against all claims arising out of Celtic's work "only to the extent caused in whole or in part by negligent acts or omissions of [Celtic] * * *." The record establishes that DNA, through its subcontractor Spring, provided the scaffold used by plaintiff, and that DNA supervisory personnel monitored safety at the work site, thus raising

issues as to whether DNA contributed to the occurrence of the accident by providing a defective scaffold or by negligent supervision of the work (*see, Correia v Professional Data Mgt.*, 259 AD2d 60, 64-65; *Samuel v General Cinema Theaters*, 254 AD2d 85, 86).

The grant of summary judgment dismissing all claims against Spring was also erroneous. Initially, we note that Spring never moved for summary judgment as against Celtic, only as against the owner and DNA. In any event, Spring was not entitled to summary judgment. Since Spring furnished and installed the scaffold, and the scaffold's freedom from defect has not been established, a factual issue exists as to whether any negligence by Spring contributed to the occurrence of the accident (*see, Greco v Archdiocese of N.Y.*, 268 AD2d 300, 301; *Schiulaz v Arnell Constr. Corp.*, 261 AD2d 247, 248; *Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036). Concur— Williams, J.P., Tom, Sullivan, Rosenberger and Friedman, JJ.