■ JUAN MENDEZ, Respondent, v THE UNION THEOLOGICAL SEMINARY IN THE CITY OF NEW YORK et al., Respondents, and ROCKLEDGE SCAFFOLDING CORP., Appellant, et al., Defendant. (And Other Actions.) [793 NYS2d 420]—

Order, Supreme Court, Bronx County (Gerald V. Esposito, J.), entered on or about March 1, 2004, which, to the extent appealed from, upon reargument, adhered to the court's prior order denying the cross motion of defendant Rockledge Scaffolding Corp. (Rockledge) for summary judgment dismissing the complaint and cross claims as against it, unanimously modified, on the law, to grant the cross motion insofar as to dismiss the Labor Law § 241 (6) claim as against Rockledge, as abandoned at argument, and otherwise affirmed, without costs.

The court properly denied that part of the cross motion seeking dismissal of plaintiff's Labor Law § 200 and common-law negligence claims. There are issues of fact as to whether the accident was caused in whole or part by Rockledge's failure properly to construct the scaffolding from which plaintiff fell. That Rockledge was not plaintiff's supervisor and did not supervise his work does not preclude a finding of liability against it on a common-law theory if it is found to have negligently installed the scaffolding (*see Urbina v 26 Ct. St. Assoc., LLC*, 12 AD3d 225 [2004]; *Keohane v Littlepark House Corp.*, 290 AD2d 382 [2002]; *Greco v Archdiocese of N.Y.*, 268 AD2d 300, 301 [2000]). Similarly, for the purposes of assigning liability under Labor Law § 200, the fact that Rockledge did not supervise plaintiff's work does not mandate summary judgment dismissing the claim where there are issues of fact as to whether the defective condition dated from the installation of the scaffolding (*see Corbi v Avenue Woodward Corp.*, 260 AD2d 255 [1999];

*Schiulaz v Arnell Constr. Corp.*, 261 AD2d 247 [1999]). Since there are material issues of fact as to whether negligence by Rockledge caused plaintiff's harm, Rockledge is not entitled to summary judgment dismissing the cross claim against it for common-law indemnification and contribution (*see Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1999]; *Sheehan v Fordham Univ.*, 259 AD2d 328, 329 [1999]).

Plaintiff's Labor Law § 241 (6) claim against Rockledge is dismissed as abandoned at argument. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.