■ LAURENCE BROGGY et al., Respondents, v ROCKEFELLER GROUP, INC., et al., Appellants. [818 NYS2d 6]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 25, 2005, which, inter alia, granted plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs, the motion denied and, upon a search of the record, summary judgment granted to defendants. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff Laurence Broggy was injured while engaged in cleaning windows on the eighth floor of a 28-story commercial building. Broggy's duties for his employer, ISS International Service System, Inc., were limited to the cleaning of interior windows, for which task he was equipped with a wand, squeegee and bottle of soap. He was accompanied by two coworkers, who washed the exterior surfaces of the windows from the outside and were equipped with safety harnesses for that purpose. The windows were four feet wide and six feet high and extended to within six inches of the ceiling.

In office 810, the three men encountered a large mahogany desk, which was pushed up against the windows and which measured approximately 10 feet wide, 3 feet deep and 3 feet high, the same height as the window sill. They decided that the desk was too difficult for them to move, and Broggy proceeded to wash the interior of a window from atop the desk while a coworker washed the exterior surface from the outside. After wetting the upper windowpane with the wand and removing the water with the squeegee, Broggy interrupted his cleaning to let his coworker back inside. Standing with his left foot on the window sill and his right foot on the desk, Broggy opened the lower sash. When he released the raised sash, the window unexpectedly slammed shut, and Broggy reacted by quickly removing his left foot from the window sill. As he did so, his foot came in contact with a raised ledge that ran along the back edge of the desk, causing him to lose his balance. He fell backwards, striking his midback on the front edge of the desk.

Plaintiffs brought this action asserting violations of Labor Law §§ 200, 202, 240 and § 241 (6) as well as common-law negligence. Plaintiffs moved for summary judgment on the issue of liability under Labor Law § 240 (1). Upon granting the motion, Supreme Court dismissed the remaining causes of action, and defendants appealed.

Defendants argue, as they did below, that Labor Law § 240 (1) has no application to the routine cleaning of interior windows. They further contend that Broggy's injuries were not caused by the lack of any safety device enumerated in the statute but by his own negligence.

In *Brown v Christopher St. Owners Corp.* (211 AD2d 441, 442-443 [1995], *affd* 87 NY2d 938 [1996]), this Court noted that "the protection afforded by Labor Law § 240 is limited to cleaning that is 'incidental to building construction, demolition and repair work' " (quoting *Connors v Boorstein*, 4 NY2d 172, 175 [1958] [fall from stepladder while cleaning exterior window of private residence not covered]). The Court of Appeals has since defined the scope of the statute to include activities that, while not performed at a construction site, involve "making a *significant* physical change to the configuration or composition of the building or structure" so as to constitute an alteration within the meaning of the statute (*Joblon v Solow*, 91 NY2d 457, 465 [1998] [extending wiring through hole made in concrete wall constitutes significant alteration]; *see Martinez v City of New York*, 93 NY2d 322, 326 [1999]). "Altering," for the purposes of statutory protection, however, "does not encompass simple, routine activities such as maintenance and decorative modifications" (*Panek v County of Albany*, 99 NY2d 452, 458 [2003]).

Plaintiffs have identified no significant physical change to the premises to which the interior window cleaning performed in this case was incidental; nor was such cleaning related to building construction, demolition or repair work so as to remove the activity from the category of routine maintenance and bring it within the ambit of Labor Law § 240 (1). While plaintiffs note that this Court has extended statutory protection to a worker who fell while engaged in routine office cleaning (*Bustamante v Chase Manhattan Bank*, 241 AD2d 327 [1997]), that case was decided before *Joblon* and *Panek*. Thus, *Bustamante* does not comport with prevailing authority, and we overrule it.

Even if, as plaintiffs assert, the rationale of *Bauer v Female Academy of Sacred Heart* (97 NY2d 445, 451-452 [2002] [three-story fall while cleaning exterior windows]) could be read to extend statutory protection to workers engaged in the commercial cleaning of interior windows (*see Stanley v Carrier Corp.*, 303 AD2d 1022 [2003] [relying on *Bustamante*]), they have failed to establish the need for any safety device affording protection from the effects of gravity in connection with the interior window cleaning at issue. Plaintiffs do not allege that any additional device, such as a ladder, was needed to permit the interior surfaces of the windows to be safely cleaned; nor do

they allege that cleaning could not have been successfully performed from floor level using the wand and squeegee supplied (*see Brooks v City of New York*, 212 AD2d 435, 436 [1995]). (The record is devoid of evidence concerning the length of the handles on these tools.) Thus, there is no evidence from which this Court could conclude that the injured plaintiff was exposed to an elevation-related risk protected by the statute (*see Guercio v Metlife Inc.*, 15 AD3d 153, 154 [2005], *lv denied* 5 NY3d 714 [2005]). Concur—Tom, J.P., Gonzalez, Sweeny, Catterson and Malone, JJ.