■ LUIS GUAMAN, Appellant, v NEW SPROUT PRESBYTERIAN CHURCH OF NEW YORK et al., Respondents. [822 NYS2d 635]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated November 1, 2005, which denied his motion for summary judgment on the issue of liability on the second cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against the defendant New Sprout Presbyterian Church of New York.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion is granted.

On November 8, 2002 the plaintiff was injured while working on the renovation of a building owned by the defendant New Sprout Presbyterian Church of New York (hereinafter the Church). The plaintiff was employed by Air Tech Services, Inc., the cooling and refrigeration subcontractor, as an air-conditioning duct installer. The defendant Lee Sock Joo, doing business as Goodman Tech Systems (hereinafter Goodman Tech), allegedly was general contractor for the project. In order to install the ducts in the ceiling, the plaintiff placed a ladder on top of a scaffold. It is undisputed that he had no safety belt, netting, or safety lines to prevent a fall from the scaffold. According to the plaintiff, he was using an electric hammer to open holes in the ceiling when the scaffold tipped, causing him to fall from the ladder to the floor. The plaintiff commenced this action against the Church and Goodman Tech to recover damages for violations of Labor Law §§ 200, 240 (1), and § 241 (6), and common-law negligence.

The plaintiff moved for summary judgment against the Church on the issue of liability pursuant to Labor Law § 240 (1), arguing that he was not provided with any safety devices to protect him from the risk of falling. The Church and Goodman

Tech contended that the plaintiff was a recalcitrant worker, based on "hearsay" evidence that the plaintiff failed to follow instructions to stop working in an unsafe manner. The Supreme Court denied the plaintiff's motion, finding that the defendants raised triable issues of fact as to whether the plaintiff was a recalcitrant worker and as to whether they had provided the plaintiff with adequate safety devices.

The plaintiff met his prima facie burden of establishing a violation of Labor Law § 240 (1), and that this violation was a proximate cause of his injuries (*see Thompson v St. Charles Condominiums,* 303 AD2d 152, 154 [2003]; *Singh v Hanover Estates,* 276 AD2d 394 [2000]). The plaintiff presented uncontroverted evidence that he used a ladder erected on top of a scaffold to perform his installation work on the ceiling. No other safety devices such as ropes, nets, or harnesses were provided by the Church to secure the ladder if the scaffold slipped or tipped to one side. When the scaffold tipped to one side, the plaintiff fell to the ground.

Contrary to the determination of the Supreme Court, the Church failed to raise a triable issue of fact as to the "recalcitrant worker" defense. The allegation that the plaintiff was instructed prior to the accident to stop work in an unsafe and unstable manner was based on inadmissible hearsay. While hearsay statements have been held to be sufficient to oppose a summary judgment motion under certain circumstances, no such circumstances were present in this case (*see Joseph v Hemlok Realty Corp.,* 6 AD3d 392, 393 [2004]; *Allstate Ins. Co. v Keil,* 268 AD2d 545, 546 [2000]). Even if we consider the hearsay statement, it was insufficient to raise a triable issue of fact because the Church failed to demonstrate that the plaintiff refused to use an available safety device (*see Stolt v General Foods Corp.,* 81 NY2d 918, 920 [1993]; *Szuba v Marc Equity Props., Inc.,* 19 AD3d 1176, 1177 [2005]; *Andino v BFC Partners,* 303 AD2d 338, 340 [2003]).

Accordingly, the plaintiff's motion for summary judgment on the issue of liability on the second cause of action to recover damages for violation of Labor Law § 240 (1) insofar asserted against the Church should have been granted.

The Church's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.