■ KENNETH HALVORSEN, Appellant, v BAYBRENT CONSTRUCTION CORP. et al., Respondents, and WALDBAUMS, Also Known as WALDBAUM, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. C. RAIMONDO & SONS CONSTRUCTION CO., INC., Third-Party Defendant-Respondent. [827 NYS2d 61]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated October 26, 2004, as granted those branches of the motion of the defendants Baybrent Construction Corp. and Baybrent Tile Corp. which were for summary judgment dismissing the causes of action to recover damages based on common-law negligence and violations of Labor Law § 241 (6) insofar as asserted against those defendants, and granted those branches of the separate motions of the defendant Arlona Limited Partnership, doing business as Mayfair Shopping Center, and the defendant and third-party plaintiff which were for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6) insofar as asserted against those defendants, and (2) the defendant and third-party plaintiff separately appeals from so much of the same order as denied that branch of its motion which was for summary judgment on its third-party claim for contractual indemnification against the third-party defendant, and an order of the same court dated October 20, 2004, which granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order dated October 26, 2004, is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Baybrent Construction Corp. and Baybrent Tile Corp. which was for summary judg-

ment dismissing the cause of action to recover damages based on common-law negligence insofar as asserted against them and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provisions thereof granting those branches of the motions of the defendants Arlona Limited Partnership, doing business as Mayfair Shopping Center, and the defendant and third-party plaintiff which were for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6) to the extent that it alleged a violation of 12 NYCRR 23-1.28 (a), insofar as asserted against them, and substituting therefor provisions denying those branches of the motions; as so modified, the order dated October 26, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 20, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants, appearing separately and filing separately and filing separate briefs.

The plaintiff, a carpenter employed by the third-party defendant, C. Raimondo & Sons Construction Co., Inc., the general contractor hired to construct a Waldbaums store at a shopping center, was injured while moving a refrigeration unit. The plaintiff commenced the instant action against Baybrent Construction Corp. and Baybrent Tile Corp. (hereinafter the Baybrent defendants), a tile subcontractor, Waldbaums, also known as Waldbaum, Inc. (hereinafter Waldbaums), and Arlona Limited Partnership, doing business as Mayfair Shopping Center (hereinafter Arlona), alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), as well as common-law negligence.

The plaintiff alleged a violation of an Industrial Code regulation which was sufficient to support his Labor Law § 241 (6) cause of action (see 12 NYCRR 23-1.28 [a]; *Brasch v Yonkers Constr. Co.*, 306 AD2d 508 [2003]). Further, the Supreme Court incorrectly granted summary judgment to Waldbaums and Arlona on that cause of action since a triable issue of fact exists with respect to proximate cause (see *Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879 [2006]; *Johnson v Flatbush Presbyt. Church*, 29 AD3d 862 [2006]).

The Supreme Court also improperly granted summary judgment to the Baybrent defendants with respect to the plaintiff's common-law negligence claim as triable issues of fact also exist with respect to this claim. The plaintiff alleged that he was injured because of a defective hand truck, allegedly owned by the Baybrent defendants, which he employed to remove the heavy refrigeration unit, and that his use of the hand truck was

foreseeable (*see Keohane v Littlepark House Corp.*, 290 AD2d 382 [2002]).

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.