■ DANIEL RUKAJ, Appellant, v EASTVIEW HOLDINGS, LLC, et al., Respondents. [828 NYS2d 358]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 13, 2006, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's causes of action under Labor Law § 240 (1) and § 200, and denied plaintiff's cross motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

The record establishes that the cleaning plaintiff was performing at the time of the accident was part of the "preventive maintenance" of certain "installed equipment" at defendants' building that plaintiff's employer had contracted to provide, including once-a-year "pressure washing" of the condenser coils of the building's exterior air conditioning units. The record further establishes that just prior to the accident, plaintiff climbed a steel ladder affixed to the building to access the roof where the air conditioning units were located and then, once on the roof, used a rope to hoist materials up. However, in bringing up the power washer to the roof, plaintiff used a different method, tying the washer to the rope, and then climbing the ladder by holding onto its rungs with his left hand and using his right hand to guide the washer up the ladder. Plaintiff testified that as he neared the roof, his left arm began to weaken, he dropped the washer he was holding with his right hand, and he fell. Plaintiff's coworker similarly testified that plaintiff fell because of fatigue.

Plaintiff has no cause of action under Labor Law § 240 (1), there being no claim of any ongoing construction or demolition activity at the site at the time of the accident, and the record establishing that plaintiff fell off the ladder while engaged in the cleaning of air conditioning units routinely performed pursuant to a preventive maintenance contract (*see Broggy v Rockefeller Group, Inc.*, 30 AD3d 204 [1st Dept 2006] [commercial interior window cleaning unrelated to building construction, demolition or repair work constitutes routine maintenance not covered by Labor Law § 240 (1)], overruling, inter alia, *Bustamante v Chase Manhattan Bank*, 241 AD2d 327 [1997]; *see also Diaz v Applied Digital Data Sys.*, 300 AD2d 533 [2d Dept 2002]; *Pound v A.V.R. Realty Corp.*, 271 AD2d 424 [2d Dept 2000]). Moreover, even if the activity in which plaintiff was engaged was covered under Labor Law § 240 (1), his conduct in climbing the ladder while guiding the pump with one hand and using the other to hold onto the ladder steps was the sole proximate cause of his fall off the ladder (*see Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]).

Nor does plaintiff have a cause of action under Labor Law § 200 based on the claim that defendants created a dangerous condition at the work site by providing an affixed ladder with inadequate clearance to the back wall. Plaintiff's deposition testimony did not assert that he slipped off the ladder or had improper footing as he climbed up it, or otherwise attribute his fall to any defect in the ladder. Rather, both plaintiff and his coworker testified that plaintiff fell because of fatigue. Thus, there is no evidence that the alleged inadequate clearance proximately caused plaintiff's fall (*cf. Mendez v Union Theol. Seminary in City of N.Y.*, 17 AD3d 271 [2005] [scaffolding contractor can be held liable under section 200 for providing defective scaffold, even though it did not supervise plaintiff's work, given issues of fact as to whether the alleged defect dated from installation of scaffold and caused plaintiff's fall]). Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.