■ ROY FISCHETTO et al., Appellants, v LB 745 LLC, Respondent. [829 NYS2d 54]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 22, 2005, which, insofar as appealed from, granted defendant's motion to dismiss plaintiff's causes of action under Labor Law § 240 (1) and § 200, and denied plaintiffs' cross motion for summary judgment on the issue of defendant's liability under Labor Law § 240 (1), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 20, 2006, which denied plaintiffs' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

The section 240 (1) claim was properly dismissed as the cleaning work plaintiff was performing at the time of his fall was not incidental to construction, demolition or repair work, and did not involve a significant alteration to the premises (*see Broggy v Rockefeller Group, Inc.*, 30 AD3d 204 [2006]). The section 200 claim was properly dismissed because the alleged dangerous condition arose from plaintiff's employer's methods over which defendant property owner exercised no supervisory control (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). It does not avail defendant to argue that defendant knew or should have known that use of the portable gantry supplied by plaintiff's employer, an independent contractor, to lift one-ton steel doors to the building's condenser unit presented a dangerous condition on the premises (*see id.* at 878). In any event, plaintiff fails to adduce evidence sufficient to raise an issue of fact as to whether defendant knew or should have known that the gantry was dangerous. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.