■ IRVIN TABICKMAN, Respondent-Appellant, v BATCHELDER STREET CONDOMINIUMS BY THE BAY, LLC, et al., Respondents, and DEB-TONE GENERAL CONTRACTING CORP., Appellant-Respondent. (And Third-Party Actions.) [859 NYS2d 721]—

In a consolidated action to recover damages for personal injuries, the defendant Deb-Tone General Contracting Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 11, 2007, as, upon renewal, adhered to the original determination in an order of the same court dated June 29, 2005, denying that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment

against the defendants Batchelder Street Condominiums By the Bay, LLC, Batchelder Street Development Corp., and I & J Building & Contracting Corp. on the issue of liability under Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for summary judgment against the defendants Batchelder Street Condominiums By the Bay, LLC, Batchelder Street Development Corp., and I & J Building & Contracting Corp. on the issue of liability under Labor Law § 240 (1) and substituting therefor a provision granting the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

While working on the first floor of a building on property developed and owned by the defendants Batchelder Street Condominiums By the Bay, LLC, and Batchelder Street Development Corp., at which the defendant I & J Building & Contracting Corp. acted as a contractor, the plaintiff was injured when the makeshift platform he was standing on to perform his work collapsed causing him to fall into the basement below. The defendant Deb-Tone General Contracting Corp. (hereinafter Deb-Tone), a subcontractor, constructed the subject platform.

The plaintiff commenced this action against the defendants Batchelder Street Condominiums By the Bay, LLC, Batchelder Street Development Corp., and I & J Building & Contracting Corp. (hereinafter collectively Batchelder) seeking to recover damages based upon, inter alia, their alleged violation of Labor Law § 240 (1). The plaintiff also commenced a separate, now consolidated, action against, among others, Deb-Tone, seeking to recover damages based upon, inter alia, Deb-Tone's alleged negligence.

As a subcontractor, Deb-Tone may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area (see Mendez v Union Theol. Seminary in City of N.Y., 17 AD3d 271 [2005]; Stevenson v Alfredo, 277 AD2d 218, 221 [2000]). The additional deposition testimony of a nonparty witness submitted by Deb-Tone as part of its motion to renew failed to establish that Deb-Tone did not create the defective condition (see Mendez v Union Theol. Seminary in City of N.Y., 17 AD3d 271 [2005]). Thus, upon renewal, the Supreme Court correctly adhered to its original determination, denying that branch of Deb-Tone's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court erred, however, in denying the plaintiff's motion for summary judgment against Batchelder on the issue of liability under Labor Law § 240 (1). The plaintiff established his prima facie entitlement to judgment as a matter of law pursuant to Labor Law § 240 (1) by demonstrating a violation of that statute and by further establishing that such violation was a proximate cause of his injuries (*see Guaman v New Sprout Presbyt. Church of N.Y.*, 33 AD3d 758 [2006]; *Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 642 [2006]; *Graziano v 118-17 Liberty Ave. Mgt. Corp.*, 209 AD2d 582 [1994]). In opposition to the plaintiff's prima facie showing, Batchelder failed to raise a triable issue of fact as to whether there was no statutory violation and whether the plaintiff's own conduct was the sole proximate cause of the accident (*see Beharry v Public Stor., Inc.*, 36 AD3d 574, 575 [2007]; *Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]; *cf. Lardaro v New York City Bldrs. Group*, 271 AD2d 574 [2000]). In addition, Batchelder failed to raise an issue of fact as to whether the plaintiff was a recalcitrant worker (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Guaman v New Sprout Presbyt. Church of N.Y.*, 33 AD3d 758 [2006]; *Joseph v Hemlok Realty Corp.*, 6 AD3d 392, 393 [2004]). Thus, the plaintiff's motion for summary judgment against Batchelder on the issue of liability under Labor Law § 240 (1) should have been granted. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.