▇ James Smith et al., Respondents, v Cardella Trucking Co., Inc., Appellant, and Pierpont Morgan Library, Respondent. [968 NYS2d 386]—

In an action to recover damages for personal injuries, etc., the defendant Cardella Trucking Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated September 20, 2011, as denied those branches of its cross motion which were for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and the defendant Pierpont Morgan Library's cross claim for common-law indemnification or contribution against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The injured plaintiff was a laborer employed by nonparty F.J. Sciame Construction Co., Inc. (hereinafter Sciame), which was retained by the defendant Pierpont Morgan Library (hereinaf-

ter the Library) as the construction manager for a project involving renovations at the Library. The injured plaintiff and his fellow laborers were responsible for cleaning up the construction debris created by all of the subcontractors and placing the debris into wheeled carts. The defendant Cardella Trucking Co., Inc. (hereinafter Cardella), leased debris carts to Sciame for use at the job site. Cardella employees also came to the job site three times a week to empty the filled debris carts into a Cardella truck. The injured plaintiff was injured when a debris cart he was pushing tipped over and trapped his hand between the cart and a doorway. The plaintiffs commenced this personal injury action against Cardella and the Library.

The Supreme Court properly denied that branch of Cardella's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar far as asserted against it. Cardella failed to establish its prima facie entitlement to judgment as a matter of law by eliminating all issues of fact as to whether it supplied the allegedly defective debris cart (*see generally Halvorsen v Baybrent Constr. Corp.*, 33 AD3d 862, 863-864 [2006]; *Urbina v 26 Ct. St. Assoc., LLC*, 12 AD3d 225, 226 [2004]; *Greco v Archdiocese of N.Y.*, 268 AD2d 300, 301 [2000]). Failure to make such a showing required the denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In view of the foregoing, the Supreme Court also properly denied that branch of Cardella's motion which was for summary judgment dismissing the Library's cross claim for common-law indemnification or contribution against it (*see Posa v Copiague Pub. School Dist.*, 84 AD3d 770, 774 [2011]; *Greco v Archdiocese of N.Y.*, 268 AD2d 300, 301-302 [2000]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.