Douglas v Roseland Dev. Assoc., LLC (2024 NY Slip Op 01340)

Douglas v Roseland Dev. Assoc., LLC

2024 NY Slip Op 01340

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 154484/17 595782/17 Appeal No. 1853 Case No. 2022-03963 

[*1]Alfred Douglas, Plaintiff,
v
Roseland Development Associates, LLC, et al., Defendants-Respondents.
Roseland Development Associates, LLC, et al., Third-Party Plaintiffs-Respondents,
v
DFC Structures LLC, et al., Third-Party Defendants-Appellants.

Black Marjieh & Sanford LLP, Elmsford (Trisha Starkey of counsel), for appellants.
Barry, McTiernan & Moore, New York (Allison A. Snyder of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered August 5, 2022, which, to the extent appealed from as limited by the briefs, denied third-party defendants DFC Structures LLC and DiFama Concrete, Inc.'s motion for summary judgment dismissing the third-party claims for breach of contract for failure to procure insurance, common-law indemnification, and contribution against them, and for summary judgment on their third-party counterclaim for common-law indemnification and contribution against defendant Pavarini McGovern, LLC, unanimously modified, on the law, to grant the motion to the extent of dismissing the common-law indemnification and contribution claims as against DiFama, and otherwise affirmed, without costs.
The motion court correctly denied DFC and DiFama's motion for summary judgment dismissing defendants' third-party claim for breach of contract for failure to procure insurance. DFC and DiFama failed to establish, as a matter of law, that they procured liability insurance with a $10,000,000 per-occurrence limit as DFC was contractually obligated to purchase. Additionally, while they procured a primary policy which named defendants as additional insureds, they failed to show that they procured an excess liability policy naming defendants as additional insureds, as required by the contract (see Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 586 [1st Dept 2021]).
However, the motion court should have granted summary judgment dismissing defendants' third-party claims for common-law indemnification and contribution asserted against DiFama as barred by Workers' Compensation Law § 11. Defendants do not dispute that there was no grave injury, or that DiFama was plaintiff's employer (see Echevarria v 158th St. Riverside Dr. Hous. Co., Inc., 113 AD3d 500, 502 [1st Dept 2014]). The issue of fact as to whether DFC is the alter ego of DiFama does not preclude granting summary judgment to DiFama. DFC is not seeking an extension of Workers' Compensation Law § 11 to itself.
The motion court correctly denied the motion for summary judgment dismissing defendants' third-party claims for common-law indemnification and contribution as against DFC, the contracting party. There are material issues of fact as to whether negligence by DFC, acting through DiFama, caused or contributed to the concrete debris on which plaintiff tripped and fell (see Mendez v Union Theol. Seminary in City of N.Y., 17 AD3d 271, 272 [1st Dept 2005]). For the same reasons, DFC and DiFama did not establish entitlement to summary judgment on their third-party counterclaims for common-law indemnification and contribution against Pavarini.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024