■ GERARD BROOKS et al., Appellants, v CITY OF NEW YORK, Respondent. [622 NYS2d 757] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 21, 1994, which denied plaintiffs' motion for partial summary judgment on the issue of defendant's liability pursuant to Labor Law § 240 (1) and § 241 (6), unanimously modified, on the law, to the extent of granting defendant summary judgment, and dismissing the cause of action based on Labor Law § 240 (1), and otherwise affirmed, without costs.

It is well settled that, "a motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment where appropriate" *(Grimaldi v Pagan,* 135 AD2d 496). It has been consistently held that the Appellate Division may grant such relief pursuant to CPLR 3212 (b) even in the absence of an appeal by the nonmoving party *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110).

Labor Law § 240 (1) imposes absolute liability for a breach which proximately caused an injury *(Rocovich v Consolidated*

*Edison Co.,* 78 NY2d 509, 513). "Manifestly, a violation of the statute cannot 'establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury' " *(supra,* at 513). The devices listed in the statute which are required to be "constructed, placed and operated" so as to avoid the hazards contemplated by the statute, "are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk" *(supra,* at 514).

"The various tasks in which these devices are customarily needed or employed share a common characteristic. All entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" *(supra,* at 514). Thus, it has been stated that the Legislature has given workers, who operate exposed to these "special hazards", the "exceptional protection that section 240 (1) provides" *(supra,* at 514). Furthermore, it has been held that "Labor Law § 240 (1) was aimed only at elevation-related hazards and that, accordingly, injuries resulting from other types of hazards are not compensable under that statute even if proximately caused by the absence of an adequate scaffold or other required safety device" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500).

Upon our search of the record in this case, we find that the plaintiff, who is six feet one and a half inches tall, was required to apply grout to tile that reached between six and seven feet from the floor of the bathroom at its highest point. While plaintiff in an affidavit stated that he had to grout tile "at the top of the ceiling", that statement was contradicted by plaintiff's EBT testimony, a photograph of the bathroom in question and other statements made by the plaintiff in the pleadings. The record clearly shows that to complete the required task plaintiff, at most, had to reach ten and one half inches above his head. There is no evidence that the plaintiff had to grout tile on the ceiling, or that there was any tile on the ceiling of the bathroom at all. Thus we conclude that plaintiff was not exposed to the elevation-related risks contemplated by the statute, as the relative elevation at which plaintiff was required to apply grout could easily have been reached by this plaintiff without the use of a ladder, step stool or other device *(see, Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841). Concur—Kupferman, J. P., Ross, Williams and Tom, JJ.