■ FRANCESCO GUERCIO et al., Appellants, v METLIFE INC., Also Known as METROPOLITAN LIFE INSURANCE COMPANY, Defendant and Third-Party Plaintiff. ONE SOURCE FACILITY SERVICES, INC., Third-Party Defendant-Respondent. [789 NYS2d 120]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 13, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross motion for summary judgment on their Labor Law § 240 (1) claim and granted that part of the motion by third-party defendant and the cross motion by defendant to dismiss plaintiffs' Labor Law § 241 (6) claim, unanimously modified, on the law, that part of third-party defendant's motion and defendant's cross motion seeking summary dismissal of the cause of action based on section 240 (1) granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint in its entirety.

A "motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record

and award judgment where appropriate" (*Grimaldi v Pagan*, 135 AD2d 496, 496 [1987]), even where the beneficiary of that search has not pursued its own appeal (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106 [1984]). Plaintiff, standing 5 feet, 11 inches tall, was installing wall tile to a point five feet above the rim of a bathtub when he fell from his perch on the rim, sustaining injuries. The record clearly shows that to complete the required task, plaintiff had to reach, at most, 13 inches above his head, if standing on the floor or in the tub, in order to apply grout in the uppermost section of the work area. Standing on the bathtub rim was unnecessary. We conclude, under these circumstances, that plaintiff was not exposed to the elevation-related risks contemplated by the statute (*see e.g. Brooks v City of New York*, 212 AD2d 435 [1995]).

The court properly granted that portion of third-party defendant's motion and defendant's cross motion directed to the section 241 (6) claim. Plaintiff's reliance on Industrial Code (12 NYCRR) § 23-1.7 (d) is misplaced, since there was no evidence of a slippery condition (*see D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [2002]). Concur—Andrias, J.P., Nardelli, Gonzalez and Sweeny, JJ.