■ PHILIP MASULLO et al., Appellants, v 1199 HOUSING CORPORATION, Defendant and Third-Party Plaintiff-Respondent. TECHNICAL CONSTRUCTION SERVICES, INC., Third-Party Defendant-Respondent. [881 NYS2d 47]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 7, 2007, which denied plaintiffs' motion for partial summary judgment and granted the motions by defendant 1199 Housing and third-party defendant Technical Construction Services for summary judgment dismissing plaintiffs' complaint in its entirety, unanimously modified, on the law, to the extent of denying dismissal of the Labor Law § 240 (1) cause of action, that cause of action reinstated, and otherwise affirmed, without costs.

On June 11, 2003, plaintiff, a foreman for Technical, was working on a project involving restorative concrete work and waterproofing at an apartment complex owned by 1199. To supply power to a work trailer on the project, the plaintiff worker had to run a cable from an electric panel inside the trailer to

one of the apartment buildings located approximately 30 to 40 feet away. Pedro Robles, an electrician employed by 1199, provided the electric cable and told the plaintiff worker to run the wire through three trees located between the trailer and the building. Both Robles and plaintiff agreed that the electric cable had to be elevated off the ground to avoid interfering with workers and equipment traversing the work site. Plaintiff worker further testified that a "Bobcat" vehicle was being used in the area, and the cable needed to be high enough that the Bobcat would not run into it.

Robles did not provide the plaintiff worker with any safety device such as a ladder or scaffold to perform the task, but instead suggested he throw the electric cable through the tree branches like a lasso. Plaintiff worker then constructed a makeshift scaffold with a platform 3 to 3¹/₂ feet high. Standing on the scaffold, he affixed the cable to the side of the trailer at a height of 13 to 15 feet off the ground and then attempted to toss the cable over the first of the three trees. The tree branch over which plaintiff tossed the cable was approximately two to three feet higher than his outstretched arm. As he tossed the cable over the branch, plaintiff fell off the scaffold.

The motion court improperly granted defendant's and third-party defendant's motions for summary judgment dismissing the Labor Law § 240 (1) claim. The work here, which involved running electrical cable from a construction trailer to the building where the waterproofing project was being done, was sufficiently construction-related to fall within the ambit of the statute (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878 [2003]; Robinson v City of New York, 22 AD3d 293 [2005]). No fair reading of the record supports the motion court's conclusion that the accident was not elevation-related. Robles himself admitted that a ladder was probably needed to do the job because the trailer was pretty high. Moreover, two of the injured plaintiff's coworkers submitted affidavits stating that in order to hang the cable, it was necessary to construct a platform on which to stand. Under all these circumstances, there is no question that this accident falls within the elevation risks contemplated by section 240 (1) (see Swiderska v New York Univ., 10 NY3d 792 [2008]; DeKenipp v Rockefeller Ctr., Inc., 60 AD3d 550 [2009]).

Guercio v Metlife Inc. (15 AD3d 153 [2005], lv denied 5 NY3d 714 [2005]), upon which the motion court relied, did not involve the type of elevation-related accident present here. In Guercio, to complete his task of installing bathroom wall tile, the plaintiff had to reach, at most, 13 inches above his head. Here, in

contrast, to elevate the electric cable above the path of workers and vehicles passing through the construction area, plaintiff affixed the wire to a 13-to-15-foot-tall trailer. Defendants are unpersuasive in arguing that plaintiffs' claim should be dismissed merely because Robles had in the past tossed electric wire over the trees while standing on the ground, especially in the absence of any showing that those prior circumstances involved a construction project with equipment and workers below.

It is well established that there can be no liability under Labor Law § 240 (1) where the plaintiff's actions are the sole proximate cause of his or her injuries (*Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]). The motion court found that plaintiff was the sole proximate cause of the accident because he constructed his own scaffold and ignored the available safety devices on the site. However, the record does not establish whether such devices, in fact, were available to him and that he chose for no good reason not to use them (*cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]; *Gallagher v New York Post*, 55 AD3d 488, 490 [2008]).

The injured plaintiff acknowledged that if he needed any type of equipment, he knew he could call Technical's owners and it would be delivered later in the day or the next morning. Plaintiff did not recall whether he ever requested the delivery of any such equipment on this job. Moreover, even if plaintiff had called, the record is unclear as to exactly where the equipment was stored prior to delivery, the time frame for delivering something as simple as a ladder, and whether any delay in obtaining a ladder or other safety device would impact the overall construction project. Plaintiff's sparse testimony on the general procedure for obtaining equipment is insufficient to establish as a matter of law whether a ladder or other safety device was "readily available" (*Montgomery*, 4 NY3d at 806).

This case is controlled by *Miro v Plaza Constr. Corp.* (9 NY3d 948 [2007]), where the plaintiff had slipped and fallen off a ladder partially covered with sprayed-on fireproofing material. Despite having knowledge of the ladder's deficiencies, the plaintiff did not request a different ladder, conceding that he could have obtained a replacement ladder by calling his employer, although the record was unclear as to whether replacement ladders were on the job site or at an off-site location. The majority of this Court had dismissed the plaintiff's Labor Law § 240 (1) claim on the basis that he knowingly chose to use a defective ladder despite being aware that he could have requested his employer

to provide a replacement (38 AD3d 454 [2007]). The Court of Appeals modified and reinstated the section 240 (1) claim because, even assuming that the ladder was unsafe, it was not clear from the record how easily a replacement ladder could have been procured. Likewise here, there is an issue of fact as to how easily plaintiff could have obtained a ladder or other safety device, and neither party should have been granted summary judgment on the section 240 (1) claim.

The motion court properly dismissed the Labor Law § 241 (6) claim. Most of the cited sections of the Industrial Code are either too general to confer liability or not applicable to the facts of this case. Furthermore, to the extent plaintiffs allege violation of Industrial Code sections pertaining to scaffolds, no liability exists because the gravamen of their claim is that no safety device was provided, not that an inadequate scaffold provided by either defendant led to this accident.

The motion court correctly dismissed plaintiffs' Labor Law § 200 and common-law negligence claims. The evidence showed only that Robles furnished the injured plaintiff with an electrical cable, suggested that he throw it over the trees, and stated that he would return to make the necessary connection to the power source. This advice is not tantamount to supervising the means and methods of plaintiff's work, nor does it establish constructive or actual notice of any allegedly dangerous condition, particularly where Robles had no reason to believe the worker would proceed to construct a makeshift scaffold from which he would throw the cord (*see Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732 [2006]).

The motion court's order was limited to dismissal of the main action, and the third-party plaintiff did not file a notice of appeal. Thus, any arguments concerning the third-party action are not properly before us. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.