Mateo v Iannelli Constr. Co. Inc. (2022 NY Slip Op 00010)





Mateo v Iannelli Constr. Co. Inc.


2022 NY Slip Op 00010


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 23449/17 Appeal No. 14955 Case No. 2021-01282 

[*1]Joseph Mateo, Plaintiff-Respondent,
v
Iannelli Construction Co. Inc., Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Paul H. Schietroma, P.C., Brooklyn (Paul H. Schietroma of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.) entered February 9, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the claims under Labor Law § 200 and § 241(6) predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(2) and granted plaintiff's cross motion for summary judgment on the Labor Law § 241(6) claim, unanimously reversed, on the law, without costs, defendants' motion granted and plaintiff's motion denied. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff fell after trying to climb over an air duct that was left on the floor as part of the demolition work his employer was subcontracted to perform. Accordingly, the air duct constituted an integral part of the work, and 12 NYCRR 23-1.7(e)(2) as a predicate for the Labor Law § 241(6) claim is inapplicable (see Appelbaum v 100 Church, 6 AD3d 310, 310 [1st Dept 2004]). Contrary to plaintiff's contention, defendant properly raised its "integral part" argument in its moving papers.
Defendant cannot be held liable under Labor Law § 200, because the presence of the air duct on the floor was a condition created by the means and methods of the work performed by plaintiff or his employer, and the record demonstrates that defendant had only general supervisory authority over the construction site and did not control plaintiff's work (see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 423 [1st Dept 2021]). Plaintiff testified that he received instructions only from his employer's foremen (see Mendriski v New York City Hous. Auth., 189 AD3d 410, 411 [1st Dept 2020]; Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc., 170 AD3d 509, 511 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022