Vitucci v Durst Pyramid LLC (2022 NY Slip Op 02968)

Vitucci v Durst Pyramid LLC

2022 NY Slip Op 02968

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 

Index No. 152095/16 Appeal No. 15419 Case No. 2021-00035 

[*1]Rino Vitucci et al., Plaintiffs-Respondents,
v
Durst Pyramid LLC et al., Defendants-Appellants-Respondents, Fred Geller Electrical, Inc., Defendant-Respondent-Appellant.

Cullen and Dykman LLP, New York (Adrienne Yaron of counsel), for appellants-respondents.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Brian J. Carey of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 1, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on the Labor Law § 240(1) claim as against defendants Durst Pyramid LLC and Hunter Roberts Construction Group, L.L.C. (together, Durst/Hunter) and declined to address plaintiffs' motion as to Labor Law § 241(6), denied Durst/Hunter's motion for summary judgment dismissing the complaint as against them and for summary judgment on their contractual and common-law indemnification cross claims, granted defendant Fred Geller Electrical, Inc.'s (Geller) motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, and denied Geller's motion for summary judgment dismissing the Labor Law § 241(6) claim as against it insofar as based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.30 and the contractual and common-law indemnification, contribution, and breach of contract cross claims, modified, on the law, to deny plaintiffs' motion for summary judgment on the Labor Law § 241(6) claim as against Durst/Hunter, deny Geller's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, grant Durst/Hunter conditional summary judgment on their contractual indemnification cross claims, and grant Geller's motion for summary judgment dismissing the breach of contract cross claims, and otherwise affirmed, without costs.
The injured plaintiff (plaintiff), who was employed by a nonparty plumbing company, was injured while he was installing a shower-curtain rod in a bathroom. The task required plaintiff to use a ladder; however, because there were appliance boxes on the floor of the bathroom, he did not have sufficient space to open an A-frame ladder. As a result, he stood on the rim of the bathtub to perform his work, and while doing so in the dimly lit bathroom, he hit his head on the rod and fell to the floor. At the time of plaintiff's accident, no artificial lighting or electrical power was working in the bathroom, although a window provided some natural light.
The motion court properly granted plaintiff's motion for partial summary judgment on his section 240(1) claim. Plaintiff established prima facie that he was entitled to judgment by evidence that he suffered harm that "flow[ed] directly from the application of the force of gravity" when he fell from the edge of the bathtub, which served as the functional equivalent of a scaffold or ladder (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). The evidence showed that there was insufficient room inside the bathroom for plaintiff to use an A-frame ladder and that plaintiff instead was forced to reach the elevated work area by standing on the edge of the bathtub in order to install the shower-curtain rods. Plaintiff testified that standing on the edge of the tub was necessary because he otherwise would lack [*2]the necessary leverage to tighten the screws with an Allen wrench.
In opposition, Durst/Hunter failed to raise an issue of fact. They rely on an affidavit by their biomechanical expert, Mr. Bove, who opined that plaintiff's overhead reach was sufficient to perform the task while standing on the ground or inside the bathtub. Bove's initial affidavit, however, ignored plaintiff's testimony that he needed the height in order to have leverage so that he would have enough strength to tighten the screws with the Allen wrench. Bove's supplemental affidavit, in which he described having evaluated the ability of adult males to install exemplar shower-curtain rod assemblies when standing on ground level using torsional force, was also flawed in that his opinion was based on screwing mounting lugs into a wood plank, a significantly different medium than a tile wall. The expert's failure to accurately recreate the conditions surrounding the accident or even to discuss the differences between securing a mounting lug in a tile wall versus a wood plank and whether similar torque forces are entailed requires that we disregard his affidavit (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 n 2 [1991]; Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002] ["Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation . . ., the opinion should be given no probative force and is insufficient to withstand summary judgment"]; compare Guercio v Metlife Inc., 15 AD3d 153 [1st Dept 2005] [a plaintiff who did not have to stand on the edge of a tub to apply grout, a task that does not require the use of force or torque, did not establish that he was injured as the result of an elevation-related risk], lv denied 5 NY3d 714 [2005]).
Because plaintiff needed additional height for leverage to tighten the nut adequately and because there was no room to place a ladder inside the bathroom, it was necessary for plaintiff to stand on the edge of the tub, and nothing in the record refutes the testimony that the task of installing the curtain rods required plaintiff to be elevated. Durst/Hunter do not deny that plaintiff was provided with an A-frame ladder, which plaintiff testified he utilized for the task when he was able to open it safely.
An affidavit by the foreman to the effect that plaintiff knew that workers could safely perform the work without the use of a ladder while standing on the ground or in the bathtub does not raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident or a recalcitrant worker (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Miranda v NYC Partnership Hous. Dev. Fund Co., Inc., 122 AD3d 445, 446 [1st Dept 2014]). Disguised claims of comparative negligence do not make out a sole proximate cause defense on a plaintiff's motion for partial summary judgment on a section 240(1) claim (see Batista v Manhattanville Coll., 28 NY3d 1093 [2016]; Torres v [*3]Monroe Coll., 12 AD3d 261 [1st Dept 2004]). A worker cannot be faulted for failing to use safety devices or instrumentalities that cannot be effectively used at a worksite (see Saavedra v 89 Park Ave. LLC, 143 AD3d 615 [1st Dept 2016] [the plaintiff was not the sole proximate cause of his accident where the presence of construction debris prevented him from opening an 8-foot ladder]; Keenan v Simon Prop. Group, Inc., 106 AD3d 586 [1st Dept 2013] [the plaintiff was not the sole proximate cause of his accident where a ladder was inadequate for the nature of the work and the associated gravity-related risks]). Adaptions in work that a plaintiff is forced to make at a work site cannot be used as a defense to a section 240(1) claim where the plaintiff's actions are a consequence of the defendant's failure to provide proper safety devices in the first instance (see Nieto v CLDN NY LLC, 170 AD3d 431 [1st Dept 2019]).
Durst/Hunter failed to make a showing that plaintiff deliberately refused to obey a direct and immediate instruction to use an available safety device or a standing order to not stand on the edge of the bathtub so as to invoke the recalcitrant worker defense (see Saavedra, 143 AD3d at 615-616; Powers v Lino Del Zotto & Son Bldrs., Inc., 266 AD2d 668 [3d Dept 1999]).
There are no issues of fact as to Durst/Hunter's negligence with respect to obstructions on the floor, since no party disputes that they had only general supervisory authority over the construction site and did not control plaintiff's work (see Mateo v Iannelli Constr. Co. Inc., 201 AD3d 411 [1st Dept 2022]; Howard v Turner Constr. Co., 134 AD3d 523, 525 [1st Dept 2015]). However, to the extent plaintiff's claim is based on allegations that his fall was due to inadequate lighting, Durst/Hunter — the lessee and the general contractor, respectively — may be liable for plaintiff's injuries, as the record presents issues of fact as to whether they had constructive notice of inadequate lighting in the bathroom (see Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538, 539 [1st Dept 2018]). Likewise, there are issues of fact as to whether defendant Geller — the electrical subcontractor — was responsible for the lighting at the time of the accident, and therefore whether it may be liable as a statutory agent based on its authority to control the lighting, and whether it may be liable for negligence in creating or having constructive notice of the defective lighting (Labor Law § 241[6]; see Dirschneider, 157 AD3d at 539; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]).
Because Geller could be held liable to plaintiffs, it cannot be heard to argue that it was free of negligence as a matter of law; thus, it is not entitled to dismissal of Durst/Hunter's common-law indemnification and contribution cross claims. Supreme Court also properly denied Durst/Hunter's motion for summary judgment on their common-law indemnification cross claims because they did not establish their own [*4]freedom from negligence (see Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010]).
As to the contractual indemnification claims, Geller's subcontract was admissible despite the fact that it was not authenticated as a business record in accordance with CPLR 4518(a). Geller's opposition to Durst/Hunter's motion for summary judgment on its contractual indemnification cross claims did not raise the authenticity of the subcontract, and thus Geller is deemed to have admitted that it was authentic (see Funk v Seligson, Rothman & Rothman, Esqs., 165 AD3d 429, 430 [1st Dept 2018]).
As to the merits, the subcontract requires Geller to indemnify Durst/Hunter for any claims that "arise out of or are connected with or are claimed to arise out of or be connected with the performance of Work by [Geller], or any act or omission of [Geller] including . . . any work previously performed by [or] on behalf of [Geller] at the [s]ite," to the extent the liability is "not caused in whole or in part by an indemnitee's own negligence" (emphasis added). Thus, the obligation was triggered by plaintiff's mere allegation that Geller's negligent installation or maintenance of lighting contributed to the accident. Durst/Hunter are therefore entitled to conditional summary judgment on their contractual indemnification claim against Geller, to the extent the accident was not caused by their own negligence (see Gonzalez v G. Fazio Constr. Co., Inc., 176 AD3d 610, 611 [1st Dept 2019]).
The court should have dismissed Durst/Hunter's breach of contract cross claims for failure to procure insurance, since no party disputes that Geller purchased insurance naming Durst/Hunter as additional insureds and providing the requisite amount of coverage. Durst/Hunter's argument that Geller purchased a policy with an improper limitation is unpreserved, and we decline to review it since it does not constitute a purely legal argument that is clear from the face of the record (see Caminiti v Extell W. 57th St. LLC, 166 AD3d 440, 441 [1st Dept 2018]).
All concur except Singh and Scarpulla, JJ. who
dissent in part in a memorandum by Scarpulla, J.
as follows:

 Scarpulla, J. (dissenting in part)I respectfully dissent from that part of the majority's decision that affirmed the Supreme Court's grant of plaintiffs' motion for partial summary judgment on their Labor Law § 240(1) claim as against defendants Durst Pyramid LLC and Hunter Roberts Construction Group, L.L.C.. I would instead reverse that part of the Supreme Court's order on the ground that there is an issue of fact as to whether plaintiff's accident is covered by Labor Law § 240(1).
 

Plaintiff Rino Vitucci alleges that he was injured while installing a shower curtain rod in a bathroom. Vitucci claims that he stepped into the bathtub, then attempted to step onto the bathtub apron. After putting one foot on the apron, as he was lifting his second foot onto the apron, he hit his head on the curtain rod and fell [*5]into the tub.
The conflicting evidence presents an issue of fact as to whether the accident at issue is covered by Labor Law § 240(1) because "the relative elevation at which plaintiff was required to [work] could easily have been reached . . . without the use of a ladder . . . or other device" (Brooks v City of New York, 212 AD2d 435, 436 [1st Dept 1995]; see Guercio v MetLife Inc., 15 AD3d 153, 154 [1st Dept 2005] ["plaintiff was not exposed to the elevation-related risks contemplated by the statute" where he unnecessarily stood on bathtub rim while installing grout on tile wall and would have needed to reach no more than 13 inches above his head], lv denied 5 NY3d 714 [2005]).
I disagree with the majority that defendants failed to raise an issue of fact as to the application of Labor Law § 240(1). Vitucci testified that he would not have had enough leverage or been able to exert enough force to perform his work while standing on the floor or inside the bathtub. However, Vitucci admitted that he did not attempt to install the shower curtain rod from the floor or inside the bathtub. Defendants dispute Vitucci's assertion that he could not have performed the work from the floor or inside the bathtub. Vitucci's foreman stated in an affidavit that installing the bathtub curtain rod could be safely performed while standing on the floor or in the bathtub and that he had seen other employees so doing.
Defendants also submitted the expert opinion of a biomechanical engineer, Dr. Bove. He analyzed the circumstances surrounding the fall, anthropometric data, torsional force required, and documentary evidence. Dr. Bove asserts that Vitucci's height of 71 inches enabled him to reach a maximum height of 85 inches and that this reach was extended because Vitucci was wearing boots. He opined that Vitucci could have successfully installed the shower curtain rod while standing on the floor or in the bathtub. Plaintiffs offered no expert or scientific evidence to refute this expert opinion.
The majority's quarrel with Dr. Bove's use of proxies installing rods into holes in a wooden surface rather than a tile surface does not require that we disregard his expert testimony. To be clear, at the time of the accident Vitucci was using his Allen key to tighten the nut on the right-hand side of the curtain rod. He has not testified or alleged that his accident occurred when he was drilling into either a wooden or tile wall. Thus, it is for the jury to weigh the sufficiency of Dr. Bove's expert opinion with regard to
Vitucci's allegations as to how the accident actually occurred.
For these reasons, the Supreme Court's grant of plaintiffs' motion for partial summary judgment on his Labor Law § 240(1) claim should be reversed. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022