Widdecombe v Consolidated Edison Co. of N.Y., Inc. (2022 NY Slip Op 06897)

Widdecombe v Consolidated Edison Co. of N.Y., Inc.

2022 NY Slip Op 06897

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 

Index No. 151809/16 Appeal No. 16813-16814-16814A Case No. 2021-04215, 2021-04218, 2021-04776 

[*1]Michael Widdecombe, Plaintiff-Respondent-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent, EGK Realty, LLC, Defendant-Appellant-Respondent.

Russo & Gould LLP, New York (Alan S. Russo of counsel), for appellant-respondent.
Michael H. Zhu, P.C., New York (Michael H. Zhu of counsel), for respondent-appellant.
Fabiani Cohen & Hall, LLP, New York (John V. Fabiani, Jr. of counsel), for respondent.

Orders, Supreme Court, New York (Lucy Billings, J.), entered on or about November 5, 2021, which, to the extent appealed from, denied defendant EGK Realty, LLC's motions for summary judgment dismissing the Labor Law §§ 241(6) and 200 and common-law negligence claims against it and, upon a search of the record, granted plaintiff summary judgment on liability on the Labor Law § 200 and common-law negligence claims, granted defendant Consolidated Edison Company of New York, Inc.'s motion for summary judgment dismissing the Labor Law § 240(1) claim against it and, upon a search of the record, granted EGK summary judgment dismissing that claim against it, and denied plaintiff's cross motion for summary judgment on liability on the Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to vacate the grant of summary judgment to plaintiff on the Labor Law § 200 and common-law negligence claims and, upon a search of the record, to grant defendants summary judgment dismissing the Labor Law § 241(6) claim, and otherwise affirmed, without costs.
While Supreme Court correctly denied EGK summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims against it, the court should not have granted plaintiff partial summary judgment on those claims upon a search of the record. Issues of fact exist as to whether the plywood board affixed to the top of the entranceway to the basement boiler room, on which plaintiff hit with the back of his neck while standing up, was open and obvious, and whether it was inherently dangerous (see Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454-455 [1st Dept 2018]; Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 92-93 [1st Dept 2011]).
Because plaintiff's accident did not implicate an elevation-related risk contemplated by Labor Law § 240(1), the claim brought pursuant to that statute was correctly dismissed (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603-604 [2009]).
As to the Labor Law § 241(6) claim, the court correctly denied plaintiff summary judgment on the claim, and declined to consider EGK's second summary judgment motion seeking dismissal of, among other things, the claim (see Amill v Lawrence Ruben Co., Inc., 117 AD3d 433, 433-434 [1st Dept 2014]; Phoenix Four v Albertini, 245 AD2d 166, 167 [1st Dept 1997]). However, upon a search of the record (see Guercio v Metlife, Inc., 15 AD3d 153, 153-154 [1st Dept 2005], lv denied 5 NY3d 714 [2005]), it is dismissed. Industrial Code § 23-1.7(e)(1) provides, as relevant, that "[s]harp projections which could cut or puncture any person shall be removed or covered." Here, the plywood board was not a sharp projection that could cut or puncture, and thus the provision is inapplicable. For the same reasons, the claim against Consolidated Edison is also dismissed. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022