Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc. (2024 NY Slip Op 00750)

Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc.

2024 NY Slip Op 00750

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 20106/18 Appeal No. 1636 Case No. 2023-01794 

[*1]Gregory Weidtman, Plaintiff-Respondent,
v
Tremont Renaissance Housing Development Fund Co., Inc., et al., Defendants-Appellants-Respondents, KZA Realty Group, Defendant, Urban Precast, LLC, Defendant-Respondent-Appellant, Newburgh Iron LLC, Defendant-Respondent.
Tremont Renaissance Housing Development Fund Co., Inc., et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Urban Precast, LLC, Third-Party Defendant-Respondent-Appellant, Urban Erectors, LLC, Third-Party Defendant.
Urban Precast, LLC, Second Third-Party Plaintiff-Respondent-Appellant,
v
NYC Crane Hoist & Rigging, LLC, Second Third-Party Defendant-Respondent.

Perry, Van Etten, Rozanski & Kutner, LLP, Water Mill (Carol R. Finocchio of counsel), for appellants-respondents.
Shaub, Ahmuty, Citrin & Spratt LLP, New York (Jonathan P. Shaub of counsel), for Urban Precast, LLC, respondent-appellant.
Block O'Toole & Murphy, New York (Christina R. Mercado of counsel), for Gregory Weidtman, respondent.
Cascone & Kluepfel, LLP, Farmingdale (Howard B. Altman of counsel), for Newburgh Iron LLC, respondent.
Brooks & Berne PLLC, Elmsford (Amy Pimer of counsel), for NYC Crane Hoist & Rigging, LLC, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 6, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Urban Precast, LLC (Urban) for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, and summary judgment on its contractual indemnification claims against defendant Newburgh Iron LLC (Newburgh) and second third-party defendant NYC Crane Hoist & Rigging, LLC (NYC Crane), denied the cross-motion of defendants Tremont Renaissance Housing Development Fund Company, Inc., Tremont Renaissance LLC, Tremont Renaissance Affordable LLC (collectively, Tremont), Mastermind Development LLC (Mastermind), and Joy Construction Corporation (Joy) (collectively, Tremont/Joy Defendants) for summary judgment dismissing the common-law negligence claim against them, and for summary judgment on their contractual and common-law indemnification and contribution claims against Urban, Newburgh, and NYC Crane and Tremont/Joy Defendants' claim for breach of a contractual obligation to procure insurance against Newburgh and NYC Crane, and granted Newburgh and NYC Crane summary judgment dismissing Tremont/Joy Defendants' contractual indemnification claims against them, unanimously modified, on the law, to the extent of granting Tremont and Mastermind's cross-motion for summary judgment dismissing the common-law negligence claim as against them, granting conditional summary judgment on Tremont/Joy Defendants' contractual indemnification claim against Urban and Urban's contractual indemnification claims against Newburgh and NYC Crane, and granting Tremont/Joy Defendants' cross-motion for summary judgment on their claim for breach of contractual obligation to procure insurance against Newburgh and NYC Crane, and otherwise affirmed, without costs.
At the beginning of the day of his accident, plaintiff and his coworker, both employed by NYC Crane, received instructions for plaintiff to operate a crane for the purpose of hoisting concrete planks to be installed for a new building under construction, while supervised by another worker. Instead, the supervisor operated the crane while plaintiff signaled to him, either because no other signal person was provided or because of purported communication difficulties with another company's signal person. While performing this work, plaintiff was struck by a plank being hoisted, causing him to trip on a loose plank on the ground and fall off his working surface into the basement level.
In a prior order, which has not been appealed, the same court and Justice granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against Tremont/Joy Defendants, Urban, and NYC Crane, finding as a matter of law that he "was not provided with a safety line and harness or some other enumerated safety device to prevent his fall from an unguarded elevated edge" (Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc., [*2]2022 WL 1285467, *1 [Sup Ct, Bronx County 2022]). The court found that plaintiff "was not 'plainly acting outside the scope of his employment' taking into consideration he was instructed by his [f]oreman . . . as part of his training as a crane operator to act as signalman" (id. at *2, quoting DePalma v Metropolitan Transp. Auth., 304 AD2d 461, 462 [1st Dept 2003]).
The order on appeal stated that the Labor Law § 200 claim, but not the common-law negligence claim, as against Tremont/Joy Defendants was dismissed in the absence of opposition, yet the court indicated that there were issues of fact as to both claims against those defendants. The court should have dismissed the common-law negligence claim as against Tremont and Mastermind, since plaintiff's accident arose solely from the means and methods of the work (see Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018]; see also Mateo v Iannelli Constr. Co. Inc., 201 AD3d 411 [1st Dept 2022]), and Tremont and Mastermind established that they did not supervise or control the work. The court should have denied Joy's motion for summary judgment dismissing the common-law negligence claim as against it, since there are issues of fact as to whether Joy actually supervised and controlled the installation of fall protection (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505-506 [1993]). We note that plaintiff does not oppose Tremont/Joy Defendants' appeal, but the issue of their negligence is relevant to indemnification issues on appeal.
The court properly denied Urban's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, in light of conflicting evidence as to whether plank installation workers involved in the accident were employed by Urban or Newburgh.
The court should have conditionally granted summary judgment in favor of Tremont/Joy Defendants' contractual indemnification claims against Urban and Urban's contractual indemnification claims against NYC Crane and Newburgh. The contractual provisions broadly requiring indemnification for claims arising from the proposed indemnitors' work were triggered by plaintiff's accident while employed by NYC Crane and acting as a signal person on behalf of Newburgh, while those companies were performing their work as sub-subcontractors of Urban (see Estevez v SLG 100 Park LLC, 215 AD3d 566, 570 [1st Dept 2023]; Bonaerge v Leighton House Condominium, 134 AD3d 648, 650 [1st Dept 2015]). Moreover, the plank struck plaintiff when it bounced off a cable installed by Newburgh. "The focus of" such a broadly worded clause "is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 416 [2008] [internal quotation marks omitted]).
Tremont/Joy Defendants are not third-party beneficiaries of indemnification provisions in subcontracts that did not mention them and [*3]of which they were not signatories. Indemnification provisions should be strictly construed and should not be judicially rewritten to create obligations that were not "unambiguously" stated therein (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]).
In light of the conditional grant of summary judgment in favor of Tremont/Joy Defendants' contractual indemnification claims against Urban, their common-law indemnification and contribution claims against Urban are academic (see Corleto v Henry Restoration Ltd., 206 AD3d 525, 526 [1st Dept 2022]). The issue of fact as to Joy's negligence precludes summary judgment on its common-law indemnification and contribution claims (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]).
The court properly declined to grant summary judgment in favor of the common-law indemnification and contribution claims asserted by Tremont and Mastermind against Newburgh and NYC Crane, since there are issues of fact as to those proposed indemnitors' negligence (see Zieba v 345 Main St. Assoc., 171 AD3d 482 [1st Dept 2019]). As noted, there is conflicting evidence as to whether the plank installation was performed by Newburgh or Urban, and Newburgh's responsibility to provide a signal person was also implicated in the accident. There is evidence that NYC Crane exercised supervisory control over the means and methods of plaintiff's work in that plaintiff's supervisor, who was also employed by NYC Crane, permitted the arrangement in which plaintiff took over for the signal person despite the absence of any fall protection in the area.
The issues of fact as to Newburgh's negligence preclude its request for this Court to search the record and grant summary judgment dismissing common-law indemnification claims against it (see Hammer v ACC Constr. Corp., 193 AD3d 455, 457 [1st Dept 2021]).
Newburgh's challenges to the admissibility of unsworn written statements by two witnesses, and NYC Crane's argument that any common-law indemnification and contribution claims against it are barred by Workers' Compensation Law § 11, are unpreserved, and we decline to review them, since they are "not . . . purely legal argument[s] apparent on the face of the record but depend[] on facts not brought to [the parties'] attention" below (Straughter v Thor Shore Parkway Devs., LLC, 199 AD3d 434, 435 [1st Dept 2021]).
The court should have granted Tremont/Joy Defendants' claims alleging that NYC Crane and Newburgh breached their contractual obligations to procure insurance. The insurance policies they submitted did not include some of the requisite coverage (see Benedetto v Hyatt Corp., 203 AD3d 505 [1st Dept 2022]). We note that Newburgh does not oppose this relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024