## Murata v Glenn Hill Assoc. LLC

2025 NY Slip Op 30597(U)

February 20, 2025

Supreme Court, New York County

Docket Number: Index No. 160953/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                    PART                        14

*Justice*

-------------------------------------------------------------------------------X

KEI MURATA,

                                    Plaintiff,

                    - v -

GLENN HILL ASSOCIATES LLC, GLENN HILL
ASSOCIATES LEASEHOLD LLC, NEPENTHES AMERICA
INC.,

                                    Defendants.

-------------------------------------------------------------------------------X

GLENN HILL ASSOCIATES LLC, GLENN HILL ASSOCIATES
LEASEHOLD LLC, NEPENTHES AMERICA INC.

                                    Plaintiffs,

                    -against-

KM CONSTRUCTION MANAGEMENT CORP.

                                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160953/2020 |
| MOTION DATE | 02/13/2025 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595688/2022

The following e-filed documents, listed by NYSCEF document number (Motion 002) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 96, 97, 100

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 98, 99, 101

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Motion Sequence Numbers 002 and 003 are consolidated for disposition. Plaintiff's

motion (MS002) for summary judgment on his Labor Law § 240(1) claim is denied. Defendants'

motion for summary judgment (MS003) is granted in part and denied in part.

[* 1]

**Background**

In this Labor Law action, plaintiff contends that he was constructing a Baker's scaffold when he fell while attempting to climb down from the scaffold on to a ladder. Plaintiff testified that at the time of the accident he was self-employed and worked for a company he created called KM Construction Management (NYSCEF Doc. No. 69 at 17, 18, 21). He explained that he was working at a retail store and that he was tasked with repairing a ceiling fan (*id*. at 27). Plaintiff added that "they told me that there was an issue of a fan and lights flickering so they needed to repair that" (*id*.).

He testified that "I called my electrician to repair the lights and for him to do it he needed a scaffolding so I was building up a scaffolding at that time" (*id*. at 28). Plaintiff built the scaffold himself with materials he owned (*id*. at 35). He contended that the accident occurred when he was about halfway through building the scaffold (*id*.). Plaintiff testified that he was injured while "going down to get more scaffolding material" and that he was on the first level of the scaffold (*id*. at 41). To get the additional scaffolding material, plaintiff attempted to use the ladder on the side of the scaffold to travel from the first level (about 6 feet up) to the ground (*id*.). Plaintiff insisted that the wheels on the scaffold were locked at the time of the accident (*id*. at 42).

Plaintiff explained that "I was trying to get down from the first level and the scaffolding started to tilt and [I] lost my balance, dropped from there on to my heel" (*id*.). When asked why the scaffold started to tilt, plaintiff maintained that "I was—when I was trying to get down I think I leaned on to one side too much" (*id*.).

Plaintiff contends that he is entitled to summary judgment on his Labor Law § 240(1) claim as he was engaged in protected activity under the Labor Law and fell from a height. He

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 2 of 11**

2 of 11

[* 2]

insists that scaffold tilted, which caused him to fall and therefore entitles him to partial summary judgment. Plaintiff argues that he was not provided with safety equipment, such as a harness or a rope, which might have secured the scaffold in an upright position. He contends that defendants (the owner and the tenant) failed to protect him from the elevation-related hazards of his work.

Defendants bring their own motion for summary judgment in which they claim that they did not control the means or methods of plaintiff's work. They insist that they did not provide any instructions to plaintiff about how to build a scaffold. Defendants emphasize that plaintiff was hurt while building a scaffold by himself, with his own materials, and that plaintiff admitted that there was nothing defective about the scaffold.

They also assert that plaintiff was the sole proximate cause of his own accident as the only reason the scaffold tilted was due to plaintiff's attempt to step down from the scaffold onto the ladder. Defendants seek summary on plaintiff's claims under Labor Law §§ 240(1), 241(6) and 200.[1]

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light

---

[1] The Court observes that defendants' notice of motion seeks summary judgment only on plaintiff's Labor Law § 240(1) claim. But the body of defendants' motion papers addresses all of these claims and plaintiff opposed these issues in his opposition. Therefore, the Court will consider these additional claims raised by defendants.

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

Page 3 of 11

[* 3]

most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

**Labor Law § 240(1)**

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 4 of 11**

"[L]iability [under Labor Law § 240(1)] is contingent on a statutory violation and proximate cause . . . violation of the statute alone is not enough" (*Blake v Neighborhood Hous. Servs. of NY City*, 1 NY3d 280, 287, 771 NYS2d 484 [2003]).

As an initial matter, the papers and the video make clear that plaintiff fell from a height while constructing the subject Baker scaffold. That gravity-related incident puts this case under the ambit of Labor Law § 240(1). However, other factors make this situation unlike the typical Labor Law § 240(1) analysis. The fact is that plaintiff's company (third party defendant KM Construction Management Corp.) functioned just like a general contractor and plaintiff was both the sole owner and only employee of this entity. That means, from a practical perspective, that plaintiff prepared for the task at issue here completely by himself. He testified that he provided all of the materials and that he alone did all of the work to set up the scaffold. This is not the typical situation in which a plaintiff merely works for a general contractor or sub-contractor.

The Court observes that in a somewhat similar situation, the Appellate Division, First Department reversed a summary judgment finding against a plaintiff who was his own foreman and had fallen off of a scaffold he built (*Masullo v 1199 Hous. Corp.*, 63 AD3d 430, 432, 881 NYS2d 47 [1st Dept 2009]). The First Department disagreed with a lower court that had found that plaintiff was the sole proximate cause of his accident because he had constructed his own scaffold and instead concluded that there were, in fact, issues of fact surrounding whether there were available safety devices on the site (*id*.). With respect to this case, the decision in *Masullo* suggests that the fact that plaintiff set up his own scaffold does not automatically prohibit him from seeking a Labor Law § 240(1) claim.

Of course, it is axiomatic that liability under this particular statute is predicated on the notion of absolute or strict liability which, in this context, means that the failure to provide safety

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC
Motion No.  002 003**

**Page 5 of 11**

5 of 11

devices caused the subject injury (*Blake v Neighborhood Hous. Services of New York City, Inc.,* 1 NY3d 280, 289 [2003]). It does not matter that the defendants (the owner and the tenant) had no control over the means and methods of plaintiff's work for purposes of Labor Law § 240(1).

The question here, though, is whether there were adequate safety devices that could have prevented the accident. Plaintiff's memorandum of law contends that he was not provided with safety equipment "such as a harness and rope or any apparatus, which would have secured the scaffold in its upright position and prevented it from tilting" (NYSCEF Doc. No. 76). However, plaintiff did not include any expert evidence to suggest that such safety devices would have prevented the accident. In fact, plaintiff himself testified that not only was the scaffold not tied off, he had never attached or tied off a Baker scaffold when building it (NYSCEF Doc. No. 68 at 43). He later reiterated that he had never attached or secured a Baker scaffold to anything nor had he ever seen someone attach this scaffold (*id*. at 45). Plaintiff even seemed to suggest that the scaffold was secured or held in place by locking the wheels (*id*. at 42).

And so the Court is unable to find that the failure to provide plaintiff with a rope or harness is a valid ground to grant plaintiff's summary judgment motion on Labor Law § 240(1) as plaintiff's own testimony raises questions about what safety devices, if any, should be utilized in this situation. "[T]o prevail on summary judgment, plaintiff must establish that there is a safety device of the kind enumerated in section 240(1) that could have prevented his fall, because liability is contingent upon the failure to use, or the inadequacy of such a device" (*Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340, 937 NYS2d 157 [2011] [internal quotations and citations omitted]).

The Court also denies defendants' motion with respect to this claim. Some of defendants' arguments relating to this cause of action emphasize that plaintiff, essentially, answered to

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 6 of 11**

himself. But that is not a basis to avoid Labor Law § 240(1)'s strict liability regime. In other words, an owner may not win a summary judgment motion by saying that the contractor controlled the means and methods of the work. "The statute imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (*Barreto v Metro. Transp. Auth.*, 25 NY3d 426, 433 [2015]).

Defendants' contentions that plaintiff was the sole proximate cause of his own accident are well taken but do not compel the Court to grant this portion of defendants' motion. Although defendants claim that plaintiff's "own conduct of not securing the scaffold combined with the motion of swinging his body was the sole proximate cause of him losing his balance, causing the scaffold to tilt and for him to fall back," they did not include any evidence (such as an expert affidavit) to show that securing the scaffold would have been an effective way to prevent the accident. In other words, defendants did not point to any dispositive evidence that plaintiff knew he needed to tie off or secure the scaffold in some way and that he refused to do so. Nor did they show, for instance, that he had some available safety device and intentionally decided not to utilize it. On these papers, the Court is unable to conclude whether Baker scaffolds are typically tied off while being built or whether there are some other safety devices that should be utilized to prevent a fall while building such a scaffold.

The Court also observes that defendants stress that plaintiff fell because of the way in which he attempted to descend from the scaffold on to the ladder and that the scaffold did not tilt prior to the accident. They insist that plaintiff lost his balance and that caused the tilt. But that does not compel a different outcome. If plaintiff can establish that he should have been provided with some safety device, he might be able to show that it would have prevented his fall regardless of whether he lost his balance before or after the scaffold tilted.

160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC
Motion No.  002 003

Page 7 of 11

7 of 11

In sum, on this record, with no expert evidence, the Court cannot determine whether the proximate cause of the accident was a statutory violation of the Labor Law.  It may be, as plaintiff suggests, that he should have been provided with some safety device to secure the scaffold.  Or defendants might be correct that plaintiff caused his own fall by refusing to utilize adequate safety devices.  Or it could be something else entirely such as having a co-worker hold a scaffold while he descends.  Neither side has fulfilled its burden of proof.

**Labor Law § 200**

In opposition to the portion of defendants' motion that seeks to dismiss this claim, plaintiff stated he "did not oppose . . . dismissal of his ordinary negligence and Labor Law § 200 causes of action" (NYSCEF Doc. No. 99, ¶ 4).  This claim is therefore dismissed.

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 8 of 11**

some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Defendants seek to dismiss plaintiff's Labor Law § 241(6) claim, which is predicated on numerous Industrial Code sections. The only section plaintiff addresses in opposition is 23-5.18(h)—therefore, the remaining portions of this claim are severed and dismissed without opposition.

This Industrial Code section provides that "(h) Moving the scaffold. Provisions shall be made to prevent such scaffolds from tipping or falling during their movement from one location to another. Scaffolds shall be moved only on level floors or equivalent surfaces free from obstructions and openings. No person shall be suffered or permitted to ride on any manually-propelled mobile scaffold while it is being moved."

The Court grants this portion of defendants' motion as this Industrial Code section is clearly inapplicable to the instant circumstances. This section applies, on its face, to situations where a scaffold is being moved "from one location to another." Here, plaintiff was simply constructing the scaffold, not moving it; in fact, he emphasized that the wheels were locked when the accident happened. Therefore, this branch of defendants' motion is granted.

**Summary**

The central portion of this motion is the arguments advanced about Labor Law § 240(1). In this Court's view, the parties simply did not sufficiently expound upon what safety devices, if any, are used to protect someone constructing a Baker scaffold. The only person's view who had any experience with this type of equipment that was submitted on this motion was plaintiff's testimony and he was never specifically asked about what safety devices are used to prevent

**160953/2020   MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 9 of 11**

9 of 11

someone from falling while building a Baker scaffold. He simply answered that he never tied off the scaffold.

Certainly, plaintiff's testimony that he never previously tied off the Baker scaffold appears to contradict his moving papers, which asserted that he needed a harness or a rope. But nothing in these papers fully addresses what steps are necessary to prevent gravity related injuries while building a scaffold and this Court cannot speculate or assume about this issue.[2]

And while the parties appear to have differing views over what the video shows (plaintiff says the scaffold tilted first while defendants say that plaintiff lost his balance first), the fact is that without any arguments about the specific potential safety devices, the Court cannot make a determination about whether their presence may have prevented plaintiff's accident under either version of events. Obviously, if the scaffold was secured to the wall it would not have tipped, but neither party submitted expert evidence to establish that it should have (or could have) been secured to the wall.

The Court is well aware of defendants' contention that plaintiff was responsible for his own accident because he was his own foreman, and the sole owner and employee of the contractor (the third-party defendant). However, the Labor Law does not contemplate, nor did defendants cite any caselaw for the proposition, that Labor Law § 240(1) is not applicable where the general contractor's sole employee is also its sole owner and is solely responsible for the work at issue. The fact is that the third-party defendant, a separate corporate entity, was evidently hired to perform certain work. And defendants were certainly entitled to sue that entity, which

---

[2] The Court observes that there was a discussion about whether the scaffold could have been built by laying it flat and then standing it upright (NYSCEF Doc. No. 68 at 70). But, again, there was no submission about proper or safe ways to construct a scaffold.

**160953/2020  MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 10 of 11**

[* 10]

they have (defendants obtained a default judgment against that entity). That the owners and the tenant did not supervise plaintiff's work does not foreclose his scaffold law claim.

Accordingly, it is hereby

ORDERED that plaintiff's motion (MS002) for summary judgment is denied; and it is further

ORDERED that defendants' motion (MS003) for summary judgment is granted only to the extent that plaintiff's Labor Law § 200 and 241(6) claims are severed and dismissed.

| 2/20/2025 | | | |
| --- | --- | --- | --- |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160953/2020  MURATA, KEI vs. GLENN HILL ASSOCIATES LLC**
**Motion No.  002 003**

**Page 11 of 11**

11 of 11